STATE EX REL. WALTER J. SMITH v. WILLIAM E.
HAVELAND.
THOMAS F. ELLERBE, INTERVENER.[1]

December 27, 1946.

Nos. 34,326, 34,373.

---

[1]Reported in 25 N. W. (2d) 474.

Roger S. Rutchick and Francis M. Smith, for appellant.

J. A. A. Burnquist, Attorney General, George B. Sjoselius, Deputy Attorney General, David W. Lewis, Assistant Attorney General, James F. Lynch, County Attorney, and Andrew R. Bratter, Assistant County Attorney, for respondent William E. Haveland.

*Fowler, Youngquist, Furber, Taney & Johnson* and *G. A. Young-quist,* for intervener-respondent.

MATSON, JUSTICE.

Consolidated for the purpose of appellate review, we have two appeals, one from an order sustaining respondent Haveland's demurrer to relator's amended petition for an alternative writ of mandamus, and the other from a judgment, entered pursuant to an order overruling relator's demurrer to intervener's complaint, which judgment quashed relator's amended alternative writ of mandamus and dismissed the proceeding as to intervener.

In amendment of Mason St. 1927, §§ 2337 to 2349, the legislature enacted L. 1943, c. 596, § 2, providing for the exemption from taxation of $1,000 in money and credits for each taxpayer, and L. 1945, c. 453, providing that all moneys and credits should henceforth be exempt from taxation. Subsequently relator, in order to test the constitutionality of the foregoing exemption statutes, sought to be personally assessed for the moneys and credits in his possession as of May 1, 1945, and upon being denied such assessment instituted mandamus proceedings, in his own behalf and in behalf of other citizens and taxpayers of the city of St. Paul who are similarly situated, to require respondent Haveland, the assessor for Ramsey county, to make such assessment and certify the same to the county auditor. Thereafter, upon relator's motion, the petition and writ were amended to include, in addition to relief in mandamus, a prayer for a declaratory judgment adjudicating the aforesaid exemption statutes to be unconstitutional and declaring relator to be subject to assessment for his moneys and credits. Intervener, asserting that as a resident and taxpayer with moneys and credits in excess of $1,000 in his possession as of May 1, 1945, he had an interest in the outcome of the proceedings, filed his complaint in intervention. The assessor's demurrer to relator's petition and writ was sustained, and relator's demurrer to intervener's complaint was overruled.

■ Relator by his pleading alleges that the assessor in refusing to make an assessment upon him for moneys and credits possessed

as of May 1, 1945, has denied relator's *right to pay* the moneys and credits tax which he owes as a taxpayer, on the theory that the aforesaid exemption statutes are unconstitutional. Relator seeks a declaratory judgment to adjudicate his *status, rights, and legal relations as a taxpayer.* It is elementary that the court has no jurisdiction to render a declaratory judgment in the absence of a justiciable controversy. County Board of Education v. Borgen, 192 Minn. 512, 257 N. W. 92. In Seiz v. Citizens Pure Ice Co. 207 Minn. 277, 281, 290 N. W. 802, 804, this court held:

"Proceedings for a declaratory judgment must be based on an actual controversy. The controversy must be justiciable in the sense that *it involves definite and concrete assertions of right* and the contest thereof touching the legal relations of parties *having adverse interests* in the matter with respect to which the declaration is sought, and must admit of specific relief by a decree or judgment of a specific character as distinguished from an opinion advising what the law would be upon a hypothetical state of facts. *Mere differences of opinion with respect to the rights of parties do not constitute such a controversy."* (Italics supplied.)

■ Among the essentials necessary to the raising of a justiciable controversy is the existence of a genuine conflict in the tangible interests of the opposing litigants. Complainant must prove his possession of a legal interest or right which is capable of and in need of protection from the claims, demands, or objections emanating from a source competent legally to place such legal interest or right in jeopardy. Although complainant need not necessarily possess a cause of action (as that term is ordinarily used) as a basis for obtaining declaratory relief, nevertheless he must, as a minimum requirement, possess a bona fide legal interest which has been, or with respect to the ripening seeds of a controversy is about to be, affected in a prejudicial manner.[2]

---

[2] White Packing Co. v. Robertson (D. C.) 17 F. Supp. 120 (affirmed [4 Cir.] 89 F. [2d] 775); Perry v. City of Elizabethton, 160 Tenn. 102, 22 S. W. (2d) 359; General Securities Co. v. Williams, 161 Tenn. 50, 29 S. W. (2d) 662; 16 Am. Jur., Declaratory Judgments, § 10; Annotation, 87 A. L. R.

■   What is a protectible legal interest may be illustrated.   A debtor, faced with the unfounded claim of a creditor, has a sufficient legal interest to justify a declaratory adjudication that such indebtedness has no basis.  Borchard, Declaratory Judgments (2 ed.) p. 55.  Suppose H alleges that S owes him $1,000, which S denies. Without waiting for H to commence suit, S may assert his right to relief from the insecurity of an unfounded claim by obtaining a declaratory judgment.

Let us change the facts in the foregoing illustration, however, to conform in fundamental principle to the instant case.  S vehemently contends that he owes $1,000 to H, which H denies and which sum H refuses to accept or collect.  What bona fide legal interest or right of S has been jeopardized by the refusal of H to assume the role of a creditor and accept payment of money not believed to be owing? No prejudice has resulted to S because his offer to assume a financial burden has been rejected.  S has suffered neither personal nor financial prejudice.  Obviously, he has no need of protection from the honest desire and determination of H not to accept payment.  No justiciable controversy is presented, in that S is possessed of no protectible legal interest which has been, or is about to be, jeopardized.

In the instant case, relator, who seeks a declaratory adjudication to establish his right to pay a tax, like S in the preceding paragraph, is possessed of no protectible legal interest.   The desire of relator to assume a tax or a financial burden is not to be confused with the legal interest or right essential to a justiciable controversy. We would have an entirely different situation if relator were threatened with the imposition of a tax levy in violation of an asserted right of exemption.   Instead, relator renounces the benefits of exemption and seeks to be taxed.  The mere denial of a desire to be taxed is not an act adverse or hostile to any legal interest of relator. No legal right has been placed in jeopardy, and he is in no need of protection, unless it be from the improvidence of his own desire.

1237; Annotation, 68 A. L. R. 133; Anderson, Declaratory Judgments, § 8; Borchard, Declaratory Judgments (2 ed.) pp. 48-56.

By exemption he has received a concrete benefit and not a prejudicial burden. We are, of course, confined to a consideration of only those rights which are placed in issue by the pleadings. The complaint in intervention added nothing and brought in issue no controversy between intervener and the assessor.

■ The situation is not changed by virtue of the fact that the constitutionality of a statute is challenged. It is, nevertheless, essential that a direct personal interest of complainant be placed in jeopardy. Regardless of the nature of the proceeding, whether it be by way of relief through a declaratory judgment or otherwise, a litigant who questions the constitutionality of a statute, must, in order to invoke the jurisdiction of the court, be able to show that the statute is, or is about to be, applied to his disadvantage. Borchard, Declaratory Judgments (2 ed.) pp. 50 and 51.

"* * * The party who invokes the power [of the court] must be able to show not only that the statute is invalid but that he has sustained or is immediately in danger of sustaining some direct injury as the result of its enforcement, and not merely that he suffers in some indefinite way in common with people generally." Massachusetts v. Mellon, 262 U. S. 447, 488, 43 S. Ct. 597, 601, 67 L. ed. 1078, 1085.

See, State ex rel. Clinton Falls Nursery Co. v. County of Steele, 181 Minn. 427, 232 N. W. 737, 71 A. L. R. 1190; Lyman v. Chase, 178 Minn. 244, 226 N. W. 633, 842; 6 Dunnell, Dig. & Supp. § 8935.

■ In the absence of a justiciable controversy, no jurisdiction to declare a statute unconstitutional, by declaratory judgment or otherwise, is conferred by the mere fact that the question is one of interest to taxpayers in general. County Board of Education v. Borgen, 192 Minn. 512, 257 N. W. 92.

■ If for no other reason, relator is likewise entitled to no relief through mandamus, in that the issuance of the writ would be futile, unavailing, and ineffective. The writ was dated October 25, 1945. Pursuant to Minn. St. 1945, §§ 273.08 and 274.04,[3] the as-

---

[3]See, M. S. A. §§ 273.08 and 274.04, and cf. Mason St. 1927, §§ 1990 and 2037.

sessor had completed his official duties of assessment and levy when his assessment books and records were returned to the county auditor as of the first Monday in July. In compliance with Sp. L. 1876, c. 212, as amended by Sp. L. Ex. Sess. 1881, c. 73, governing the equalization of assessments in Ramsey county, the county auditor had completed his statutory duties with respect to the assessment of all taxes for the year 1945, and the board of equalization had fully completed its duties as of August 13. In other words, the action herein was not commenced until over two months after all official assessment duties had been completed. The issuance of a writ at this late date would have been futile and of no avail. In State ex rel. Lum v. Archibald, 43 Minn. 328, 333, 45 N. W. 606, 608, a similar case, this court held:

"* * * the assessment-books placed in his [the assessor's] hands had long been returned to the auditor when the order appealed from was made. Not only had this occurred, but the auditor and the county board of equalization had acted upon them and the board had finally adjourned. So that the writ which would have followed the order would have been useless and ineffectual. The defendant could not have obeyed it, his authority to make the assessment had ended, the books had been returned to the auditor, and he was practically out of office. It is a fundamental principle of the law of *mandamus* that the writ will never be granted in cases where, if issued, it would prove unavailing."

See, State ex rel. Village of Chisholm v. Trask, 155 Minn. 213, 193 N. W. 121.

It is unnecessary to consider other aspects involved in this appeal. The order of the trial court sustaining the assessor's demurrer, as well as the judgment quashing the writ and dismissing the proceeding as to intervener, is affirmed.

Affirmed.