**The MAIN PARKING MALL, a Utah Corporation, Plaintiff and Appellant,**

v.

**SALT LAKE CITY CORPORATION and Redevelopment Agency of Salt Lake City, et al., Defendants and Respondents.**

**No. 13722.**

Supreme Court of Utah.

Jan. 31, 1975.

———◆———

Louis H. Callister and W. Clark Burt, Callister, Greene & Nebeker, Salt Lake City, for plaintiff and appellant.

B. Lloyd Poelman, Stephen G. Stoker, Strong, Poelman & Fox, Salt Lake City, for defendants and respondents.

TUCKETT, Justice:

This is an appeal from an order of the district court dismissing the plaintiff's complaint on the grounds that it did not state a cause of action. The plaintiff is here seeking a reversal.

The Redevelopment Agency of Salt Lake City acquired title to all of the property of a city block lying between Second South Street and Third South Street, Main Street and West Temple Street except the property fronting on Main Street and a parcel situated on the southwest corner of the block. The property was previously held by a number of owners including the plaintiff. The Redevelopment Agency acquired the plaintiff's property by purchase. After the property was acquired and cleared of old buildings and obstructions, it was offered for redevelopment by private developers. The offering of the property was advertised in the local newspapers and other publications. A number of offers were received from prospective redevelopers, and after reviewing the offers the Redevelopment Agency determined that proposals submitted by Hartnett-Shaw Development Company, Inc., met the requirements established by the Agency. In order to permit Hartnett-Shaw to investi-

gate the site and to prepare plans for its development, the Redevelopment Agency offered to Hartnett-Shaw for a period of 180 days an exclusive right to negotiate for and to purchase the property. The Redevelopment Agency's offer was accepted by Hartnett-Shaw.

The contract formed by the offer of the Redevelopment Agency and its acceptance by Hartnett-Shaw Development Company was before the district court and before this court on appeal. The plaintiff asked the court to set aside the contract as being beyond the powers granted to the Redevelopment Agency and therefore void. The plaintiff further claims that the contract is so ambiguous and uncertain as to render it unenforceable. The plaintiff prays that the contract be construed pursuant to the provisions of Section 78–33–2, U.C.A.1953, which is in the following language:

> Any person interested under a deed, will or written contract, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract or franchise and obtain a declaration of rights, status or other legal relations thereunder.

The plaintiff also prays for injunctive relief.

The contract we are asked to construe is one entered into by The Redevelopment Agency and a party not involved in these proceedings.

 A party maintaining an action under the Declaratory Judgments Act must have a substantial interest or a legally protectible interest in the subject matter of the litigation.[1] The complaint fails to allege that the plaintiff has a legally protectible interest in the contract which is the subject matter of the action. It thus appears that the plaintiff does not present a justifiable issue for determination by the court.

The decision of the district court is affirmed. No costs awarded.

ELLETT, CROCKETT and MAUGHAN, JJ., concur.

HENRIOD, C. J., does not participate herein.

---

1. Gray v. Defa, 103 Utah 339, 135 P.2d 251; Anderson, Declaratory Judgments, Chapter 5, Secs. 42 and 43; Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000; State ex rel. Smith v. Haveland, 223 Minn. 89, 25 N.W.2d 474, 174 A.L.R. 544; State ex rel. Miller v. State Bd. of Education, 56 Idaho 210, 52 P.2d 141; E. W. Bliss Co. v. Cold Metal Process Co., C.C.A.Ohio, 102 F.2d 105.