**Mary MAMMENGA, Appellant,**

v.

**STATE of Minnesota DEPARTMENT OF HUMAN SERVICES, Faribault–Martin–Watonwan Human Services Board, Respondents.**

No. C1–88–512.

Court of Appeals of Minnesota.

Sept. 6, 1988.

Review Granted Nov. 16, 1988.

Charles H. Thomas, Southern Minnesota Regional Legal Services, Inc., Mankato, for Mammenga.

Hubert H. Humphrey, III, Atty. Gen., Craig R. Anderson, Sp. Asst. Atty. Gen., St. Paul, for State of Minnesota Department of Human Services.

D. Gerald Wilhelm, Martin Co. Atty., Fairmont, for Faribault–Martin–Watonwan Human Services Bd.

Heard, considered and decided by RANDALL, P.J., and PARKER and MULALLY, JJ.*

## OPINION

RANDALL, Judge.

This appeal involves Minn.R. 9500.1258, subpt. 1(m)(8), which requires attendance, with no exceptions, of six hours per week in a Graduate Equivalency Diploma (GED) program to be eligible for general assistance (GA). Appellant takes two hours of instruction per week, the maximum offered in her area. A representative of the Commissioner of the Department of Human Services affirmed a referee's decision terminating appellant's eligibility for GA. The district court affirmed the Commissioner. We find the application of Minn.R. 9500.1258, subpt. 1(m)(8) to appellant, and others in her class, arbitrary and capricious. We reverse.

## FACTS

Appellant Mary Mammenga is a 46 year old resident of Fairmont in Martin County. Appellant did not complete high school, has no driver's license, and reads at the eighth grade level.

In April 1986, appellant began receiving general assistance (GA). Appellant qualified for GA under emergency rules promulgated by the Commissioner of Human Services. Appellant was eligible for assistance because she attended a GED program. Successful completion of a GED program entitles one to a general equivalency diploma, which is recognized as a de facto equivalent of a high school diploma. Appellant attended the local GED program, taking the maximum amount of hours per week that were offered. That amount was two hours.

On August 4, 1986, the Commissioner published permanent rules on the subject of eligibility for general assistance by reason of attendance at a GED program. These permanent rules require attendance of at least six hours per week in a GED program to maintain eligibility for GA. *See* Minn.R. 9500.1258, subpt. 1(m)(8) (1986).

Appellant's attorneys conducted a phone survey of Minnesota communities offering GED instruction.[1] This survey showed that a majority of out-state locations do not even provide six hours per week of classroom instruction.

SUMMARY OF RESULTS:

Our phone survey found 77 communities in which the GED program offers less than 6 hours a week of classroom instruction. Twenty-seven offered 6 hours or more a week. Almost all coordinators and instructors felt that the new rule was arbitrary and bad public policy. This was also a response that we received from some welfare departments. Also, a number of GED program programs said that 2–3 hours a week classroom instruction was the maximum that they wished to offer in view of the transportation problems and work commitments faced by their students. Almost every program would be unable to increase the number of hours offered because of budgetary constraints.

| Program and Communities Served | Weekly Hours of Classroom Instruction |
|---|---|
| *Granite Falls* Adult Basic Continuing Education Consortium also serving | 6+ |

---

* Acting as judge of the court of appeals by appointment pursuant to Minn.Const. art. 6, § 2.

1. This summary of GED programs is part of the record, was considered at the contested hearing, and the State of Minnesota concedes the accuracy of the data.

| | | |
|---|---|---|
| Hector | 3 | |
| Renville | 3 | |
| Olivia | 3 | |
| Lower Sioux Reservation | 3 | |
| Upper Sioux Reservation | 3 | |
| Wood Lake | 3 | |
| Clarkfield | 3 | |
| Benson | 3 | |
| Madison | 3 | |
| Miland–Appleton | 3 | |
| Montevideo | 3 | |
| Clara City | 3 | |
| Canby | 6 | |
| Pipestone Consortium | 3 | nite; day individualized but less than 6 |
| Brucetown | 3 | |
| Edgerton | 3 | |
| Worthington Consortium | 4 | nite; 4 day<br>also 10/wk. in jail |
| Luverne | 4 | |
| Adrian | 3 | |
| Fulda | 3 | |
| Slayton | 3 | |
| Westbrook | 3 | |
| Marshall Consortium | 6 | |
| Redwood Falls | 6 | |
| Ivanhoe | 6 | |
| Minnesota | 6 | |
| Tyler | 1–2 | |
| Tracy | 1–2 | |
| Lake Benton | 1–2 | |
| Balaton | 1–2 | |
| Russell | 1–2 | |
| Waseca Consortium | 6 | |
| Janesville | 3 | |
| Morristown | 3 | |
| New Richland | 3 | |
| Owatonna | 3 | |
| Austin | 4 | additional hrs.<br>available at voc. tech. |
| Caledonia | 6 | |
| Albert Lea | 3 | |
| Lesueur Consortium | 2–4 | |
| LeCenter | 2 | |
| Belle Plaine | 2 | |
| St. Peter | 2 | |
| Montgomery | 3 | |
| Gaylord | 2 | |
| Staples | 8 | |
| Red Wing | 6 | |
| Long Prairie | 3 | |
| White Earth Reservation | | |
| Ponsford | 2–2 ½ | |
| White Earth Village | 2–2 ½ | |
| Naytahwash | 2–2 ½ | |
| Rice Lake | 2–2 ½ | |
| Mahnomen | | in home less than 1 |
| Callaway | | in home less than 1 |
| Brainerd | 6 | |
| St. Cloud Consortium | 6 | |
| Cold Spring | 3 | |

| | |
|---|---|
| *Foley* | 3 |
| *Kimball* | 3 |
| *St. Joseph's* | 3 |
| *Milaca* | 3 |
| *Ogilvie* | 3 |
| *Paynesville* | 3 |
| *Dassel–Cokato* | 3 |
| *Litchfield* | 6 |
| *Aurora* | 6 |
| *Alexandria* Consortium | 6 |
| *Barrett* | 2–3 |
| *Brandon* | 2–3 |
| *Evansville* | 2–3 |
| *Villard* | 2–3 |
| *Sauk Center* | 2–3 |
| *Osakis* | 2–3 |
| *Melrose* | 2–3 |
| *Mora* | 2–3 |
| *Long Prairie* | 2–3 |
| *Glenwood* | 2–3 |
| *Parker's Prairie* | 2–3 |
| *Crookston* N.W. EXCU Consortium | 8 |
| *Baudette* | 4 |
| *Norman Co.* | 2 |
| *East Grand Forks* | 4 |
| *Karlsted* | 8 |
| *Thief River Falls* | 20 |
| *Cambridge* Consortium | 5½ |
| *Princeton* | 5½ |
| *Braham* | 2 |
| *Hastings* | 2 |
| *Hutchinson* | 6+ |
| *Jackson* | 6+ |
| *Fairmont* | 2 (appellant's program) |
| *Sherburne* | 3 |
| *St. James* | 4 |
| *Faribault* | 5½ |
| *Northfield* | 6 |
| *Kenyon* | 2 |
| *Mankato* | 8 |
| *Wadena* Consortium | 30 |
| *Perham* | 3 |
| *Menahga* | 3–4 |
| *Detroit Lakes* | 6 |
| *Frazee* | 1 |
| *Willmar* | 6 |
| *Rochester* | 4+ additional hrs. possible through volunteer tutors |

When the local human services agency proposed termination of appellant's GA benefits because she was attending less than six hours a week, appellant appealed to a human services referee, pointing out that the two hours a week she was taking was the maximum that the Fairmont program offered. On January 23, 1987, the referee affirmed the county agency's proposed termination. On February 2, 1987, a representative of the Commissioner adopted the referee's decision to allow termination.

Appellant then sought review by the district court pursuant to Minn.Stat. § 256.045(7) (1986). On January 26, 1988, the district court affirmed termination of her GA benefits. On February 29, 1988, appellant filed this appeal. Appellant challenges the validity and application of Minn. R. 9500.1258, subpt. 1(m)(8).

## ISSUE

Is Minn.R. 9500.1258, subpt. 1(m)(8) invalid as arbitrary and capricious as applied to appellant?

## ANALYSIS

### Standard of Review

Judicial review is authorized by Minn. Stat. § 256.045, subds. 7, 8, 9 (1986). The scope of judicial review is governed by Minn.Stat. § 14.69 (1986). *See Brunner v. State, Dept. of Public Welfare*, 285 N.W. 2d 74, 75 (Minn.1979). Section 14.69 states in part:

> The court may affirm the decision of the agency or remand the case for further proceedings; or it may reverse or modify the decision if the substantial rights of the petitioners may have been prejudiced because the administrative finding, inferences, conclusion, or decisions are: (a) in violation of constitutional provisions; or (b) in excess of the statutory authority or jurisdiction of the agency; or (c) made upon unlawful procedure; or (d) affected by other error of law; or (e) unsupported by substantial evidence in view of the entire record as submitted; or (f) arbitrary or capricious.

We consider only whether the agency's application of the rule as to appellant and others similarly situated is valid. We do not reach the other issue raised by appellant, namely, whether the rule itself is invalid from its adoption. We limit our review, not to the rule's initial validity, but just to its application. *See Christian Nursing Center v. Department of Human Services*, 419 N.W.2d 86, 92–3 (Minn.Ct. App.1988).

This court may affirm, reverse, remand or modify the agency's decision when the administrative decision is arbitrary or capricious. Minn.Stat. § 14.69. Appellant

...rts that the six-hour per week require-...: is not supported by the evidence, was randomly chosen, and, as to her, is arbitrary and capricious. We agree. Although the Commissioner did not specifically so state, it appears the six hour per week requirement was arrived at on little more than the basis of a single outside comment and some subjective reasoning.

Prior to adopting the rule, the Commissioner solicited comments from the general public. One comment noted that a district in St. Paul required six hours per week to register for their GED program. The record reveals little else that the figure of six hours a week as a required minimum rests upon. There is no evidence that the Commissioner considered the availability (or non-availability) of GED programs in rural Minnesota.

After consideration of these comments and other information, the Commissioner published a statement of need and reasonableness. This statement announced the department's intent to prevent "perpetual general assistance eligibility" by creative registration for GED courses. Hence, the department included the six-hour per week requirement.

We do not disagree with the state's proposition that less than six hours a week is a slow progression toward a GED certificate. However, no enrollee can be expected to take more than two hours a week if only two hours a week are offered!

Since it is conceded that large numbers of people in the state and a majority of Minnesota's rural residents do not have access to six hours of weekly GED instruction, the application of a six hour standard is arbitrary, capricious, and unreasonable. Rules promulgated under statutory authority are valid and binding upon courts if the statute is, but only if "(a) within the granted power, (b) issued pursuant to proper procedure and (c) *reasonable.*" *State by Spannaus v. Hopf*, 323 N.W.2d 746, 752 (Minn.1982) (quoting K. Davis, Administrative Law Treatise, Section 50.03 at 299 (1st ed. 1958) (emphasis added).

Respondents claim that administration of the general assistance in GED program requires a "bright line." However, a "bright line" must be drawn at a level more reasonable, less arbitrarily chosen, and consistent with the needs of those that it is meant to serve. This bright line must be drawn in a reasonable fashion so that Minnesota residents, like appellant, can have a real, not illusory chance, to benefit by the program. It was not the intent of the legislature to disenfranchise the majority of the poor people in the State of Minnesota who do not have the good fortune to reside in the Twin Cities or one of the few other larger communities wherein six hours a week or more are offered.

The referee and district court analysis centered on Minn.Stat. § 256D.04, subd. 2 (1986), which requires GA rules "be administered as uniformly as possible throughout the state." They found that the rule was uniformly *applied* throughout the state. Then, through circular reasoning, the analysis became that since it was uniformly applied, it was fair, and if it was fair, it was reasonable.

Appellant sensibly does not attack the "uniformity" [2] of the rule. Appellant does not disagree that the rule is used to cut off all residents similarly situated such as she, i.e. living in an area where six hours a week of GED instruction are not offered. What appellant challenges is the concept that such a rule is fair. The record before us mandates a finding that, as to appellant, the rule is not fair.

The administrative hearing examiner acknowledged the strength of appellant's position. In its findings of fact, the referee agreed that Mammenga was taking the only two hours of classroom instruction per week that was offered, and that those two hours were the "only such program available in Martin County," and "no additional hours of instruction are available through this program."

The administrative law judge acknowledged the soundness of appellant's argument. His memorandum states in part:

Appellant argues that the rule is inconsistent with the objective of the GA Act of providing "an integrated public assistance program for all persons in the state without adequate income or resources" Appellant contends this objective is not met, because the rule denied benefits to rural residents. The majority of rural programs do not offer six hours of GED instruction, and so the rule's six hour requirement essentially bars a number of rural residents from this eligibility category and is therefore unfair and unreasonable.

Appellant has a strong argument that this objective is not being met by the rule. But the issue is whether the rule *unreasonably* fails to meet this objective of the act. There is no evidence that the rule was intended to maliciously bar rural residents from GA. Instead, the rule (with its six hour requirement) was promulgated to draw a bright line of when a recipient's GED participation interfered with employment or an employment search. If it does not interfere, then the Work Readiness Program is available. Thus the rule is reasonable because, although it may be unfair to a segment of the state (i.e. rural residents), it has a valid purpose which is consistent with the other objectives of the Act.

We disagree with this expressed rationale. We agree with appellant that the rule is inconsistent with the objective of the GA Act. The rule cannot be called reasonable if it is unsound on its face merely because it is not "malicious." It cannot be reasonable when it knowingly bars participation in the program to many of the citizens of the State of Minnesota who need it.

---

2. The state's position that the rule is fair because welfare recipients in the Twin Cities (where six hours a week are always available) have to abide by the six hour requirement the same as recipients in northern and southern Minnesota (where by consensus six hours a week is not available), reminds the panel of Anatole France's trenchant observation that, of course, the law is fair, as it "equally forbids the rich as well as the poor to sleep under bridges, beg on the streets, or steal bread."

We reverse the trial court's denial of GA benefits to appellant and find that, as to her, the application of Rule 9500.1258, subpt. 1(m)(8) is invalid as arbitrary, capricious and unreasonable. We find she is entitled to those benefits since she resides in an area where (1) six hours per week in a GED program are not possible, and (2) she is taking and making satisfactory progress in 100% of all hours available.[3] Since we reverse on these grounds, we need not address appellant's other arguments.

■ We note the dissent's observation that this appeal should be dismissed on the basis that it is moot. The dissent points out that appellant has received her GED. We do not see the issue as moot for two reasons. First, it is "capable of repetition but evading review." *In re Cordie,* 372 N.W.2d 24, 28 (Minn.Ct.App.1985). If every time an applicant who is denied assistance diligently struggles on their own to finish schooling prior to the completion of the appeal period, found their appeal dismissed, the issue would not be settled.

Secondly, the question of mootness is not before the court. The statement by appellant's counsel during oral argument that his client had received her GED was an off-hand statement toward the close of his oral presentation. It did not relate to any issue raised by either appellant or respondent. Despite the statement, respondent's attorney made no mention of it in his oral presentation. At no time did respondent, either before the hearing examiner or before this court, in written or oral argument, raise that issue of mootness. Respondent did not mention appellant finishing school, did not touch on the matter, and defended the state's position on the interpretation of the rule solely on the merits. When neither party briefed or raised the issue of mootness, and when the question of eligibility continues for other outstate applicants, we decline to refuse to decide the case.

**3.** Objections to rule 9500.1258, subpt. 1(m)(8), would diminish, and the rule would seem reasonable in its application, if it included the following saving provision: Notwithstanding the requirement of six hours to retain eligibility, if the applicant or recipient resides in an area

## DECISION

The decision of the district court is reversed. Termination of appellant's GA grant, while she was attending the maximum hours available at the local GED program, constitute improper application of Minn.R. 9500.1258, subpt. 1(m)(8).

REVERSED.

MULALLY, Judge (dissenting).

I respectfully dissent.

This appeal should be dismissed.

Although it does not appear in the record furnished to this court, it was clearly stated by appellant's counsel during oral argument that prior to June 23, 1988 (the date of oral argument) the appellant had in fact received her Graduate Equivalency Diploma (GED). This appeal arises from appellant's contention that by reason of the application of Minn.R. 9500.1258, subpt. 1(M)(8) (1987), she was unlawfully deprived of General Assistance (GA), since the rule required that in order to remain eligible she regularly attend a GED program with a minimum of six hours of classroom instruction per week. Appellant contends that because of the distance to classes which meet the six hour requirement, she was unable to attend, unable to meet the six hour requirement leading to a GED, and thus unlawfully deprived of GA. This is not a class action. Appellant having attained her GED, there is no longer a justiciable controversy between appellant and respondents. *See State ex rel. Smith v. Haveland,* 223 Minn. 89, 25 N.W.2d 474 (1946). The matter is moot. This appeal should be dismissed.

However, even if it could be said that the appeal is not moot, the denial of benefits to appellant should nevertheless be affirmed, since appellant has chosen the wrong forum to challenge Minn.R. 9500.1258, subpt. 1(M)(8).

where less than six hours of classroom instruction per week are offered, the applicant or recipient retains eligibility providing said applicant or recipient takes 100 percent of all hours available and remains in good standing.

Review of the referee's decision by the district court and the court of appeals is authorized by Minn.Stat. § 256.045, subds. 7, 9 (1986). The scope of review is governed by Minn.Stat. § 14.69 (1986). *Brunner v. State,* 285 N.W.2d 74, 75 (Minn. 1979). Section 14.69 provides that:

[T]he court may affirm the decision of the agency or remand the case for further proceedings; or it may reverse or modify the decision if the substantial rights of the petitioners may have been prejudiced because the administrative finding, inferences, conclusion, or decisions are: (a) in violation of constitutional provisions; or (b) in excess of the statutory authority or jurisdiction of the agency; or (c) made upon unlawful procedure; or (d) affected by other error of law; or (e) unsupported by substantial evidence in view of the entire record as submitted; or (f) arbitrary or capricious.

This appeal challenges the *validity,* not the application, of Minn.R. 9500.1258, subpt. 1(M)(8).

On February 2, 1988, the Minnesota Court of Appeals decided *Christian Nursing Center v. Department of Human Services,* 419 N.W.2d 86 (Minn.Ct.App.1988). In its opinion the court considered and resolved conflict among recent cases regarding appellate review of an administrative rule under Minn.Stat. § 14.69. The court stated:

[W]hile we may consider whether an agency's application of a rule is valid, *we may not consider the validity of the rule itself* as applied in a particular context. * * * [R]eview is limited to determining whether the decision, findings or inferences are erroneous; review of the actual rule itself is not contemplated.

*Id.* at 92–3 (emphasis added). Review of the validity of Minn.R. 9500.1258, subpt. 1(M)(8) is not proper in the proceeding appellant has chosen. *See* Minn.Stat. § 14.44 (1986). In light of the holding of *Christian Nursing Center,* I would affirm the trial court's denial of benefits to appellant.