William L. RUPP d/b/a Rupp Trucking, et al., Appellants,

v.

Lorraine E. MAYASICH, et al., Respondents.

No. C0–95–66.

Court of Appeals of Minnesota.

July 11, 1995.

John D. McKenzie, St. Paul, for appellants.

Hubert H. Humphrey, III, Atty. Gen., Mark B. Levinger, Asst. Atty. Gen., St. Paul, for respondents.

Considered and decided by SCHUMACHER, P.J., and LANSING and HOLTAN,* JJ.

## OPINION

SCHUMACHER, Presiding Judge.

William L. Rupp d/b/a Rupp Trucking, David Kurk, Inc., Arrowhead Van & Storage Co., and Speedway Moving & Storage, Inc. (Rupp, Kurk, Arrowhead, and Speedway) appeal the grant of summary judgment, arguing that the district court erred by concluding that respondents Lorraine E. Mayasich and Eldon E. Keehr did not violate the Open Meeting Law. We reverse and remand.

## FACTS

Mayasich and Keehr were members of the Minnesota Transportation Regulation Board

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

894

(Board). In late June 1992, Lisa Peterson, a Minnesota Trucking Association representative, called Mayasich and asked her to call a meeting of the Board so carriers could voice their concerns about the 1992 Motor Carrier Reform Act. The legislative changes required hundreds of motor carriers to file for new certificates. In response to Peterson's request, Mayasich chose to hold a special meeting on June 29, 1992.

On June 25, 1992, Mayasich posted notice of the June 29 meeting for regular route carriers on the Board's primary bulletin board. The bulletin board was located in a hallway off the reception area in the Board's office suite. There was a half-door to this hallway, which was sometimes closed. On June 26, Keehr posted notice of the meeting for irregular route carriers on the same board. The Board also mailed out a weekly calendar to anyone who had signed up to receive it. The calendar provided that last minute scheduling of meetings would be posted on the bulletin board in the Board's office. The meeting was conducted as scheduled, on June 29, 1992, with both regular and irregular route carriers in attendance.

Rupp, Kurk, Arrowhead, and Speedway sued Mayasich and Keehr, alleging Open Meeting Law violations. Both parties moved for summary judgment. The district court granted the motion in favor of Mayasich and Keehr, concluding that notice was posted on the Board's principal bulletin board in compliance with the statutory requirements. Rupp, Kurk, Arrowhead, and Speedway appeal.

## ISSUE

Did the district court err in determining that Mayasich and Keehr did not violate the Open Meeting Law when they posted notice of a special meeting on the Board's principal bulletin board?

## ANALYSIS

■ On appeal from summary judgment, this court decides whether there are any genuine issues of material fact and whether

the district court correctly applied the law. *Offerdahl v. University of Minn. Hosps. & Clinics,* 426 N.W.2d 425, 427 (Minn.1988). The construction of a statute is a question of law, fully reviewable by an appellate court. *Hibbing Educ. Ass'n v. Public Employment Relations Bd.,* 369 N.W.2d 527, 529 (Minn. 1985).

A state board must "post written notice of the date, time, place, and purpose of" a special meeting, except a special meeting for which the notice requirement is otherwise established by statute or an emergency meeting. The posting must be

> on the principal bulletin board of the public body, or if the public body has no principal bulletin board, on the door of its usual meeting room.

Minn.Stat. § 471.705, subd. 1c(b) (1990).[1]

Rupp, Kurk, Arrowhead, and Speedway contend that Mayasich and Keehr violated this provision when they posted notice of the Board's special meeting on the Board's principal bulletin board that was located in an interior hallway off of the reception area.

■ The Open Meeting Law was enacted for the public benefit and must be given a liberal construction in the public's favor. *Claude v. Collins,* 518 N.W.2d 836, 841 (Minn.1994); *State by Archabal v. County of Hennepin,* 505 N.W.2d 294, 297 (Minn.1993). The purpose of the Open Meeting Law is to (1) prohibit secret meetings where it is impossible for an interested public to become fully informed or to detect improper influences; (2) assure the public's right to information; and (3) afford the public a chance to express its views. *Claude,* 518 N.W.2d at 841.

■ Even before the Open Meeting Law contained an express notification provision, the Minnesota Supreme Court read one into the statute under the theory that a "statute is understood to contain by implication, if not by its express terms, all provisions necessary to effectuate its * * * purpose." *Sullivan v. Credit River Township,* 299 Minn. 170, 174,

1. Notice must also be mailed or delivered "to each person who has filed a written request for notice of special meetings." Minn.Stat.

§ 471.705, subd. 1c(b). No one had filed a written request with the Board so this notice requirement was not at issue.

217 N.W.2d 502, 505 (1974). The court reasoned:

> The language of the statute directing that meetings be open to the public is meaningless if the public has no knowledge that the meeting is to take place.

*Id.* The court suggested that notice be given in a public hall or other location that gives the public a reasonable opportunity to be aware of the place in which the notice will be regularly posted. *Id.* at 174–75, 217 N.W.2d at 506. Interpreting the statutory notice provision in light of the *Sullivan* decision, we hold that a principal bulletin board must be located in a place that is reasonably accessible to the public.

Here, it is unclear from the record whether the principal bulletin board was reasonably accessible to the public; therefore, we remand for a factual determination. Because we are not deciding the issue of whether there was an Open Meeting Law violation, we do not reach the question of whether the violation was "willful and deliberate." *See* Minn.Stat. § 471.705, subd. 1c(h) (1990) (fine not imposed unless violation was willful and deliberate).[2] Nor do we decide the issue of attorney fees.

## DECISION

We remand to the district court to determine whether the Board's principal bulletin board was reasonably accessible to the public.

**Reversed and remanded.**

---

**2.** The "willful and deliberate" requirement was deleted from the 1994 statute. 1994 Minn.Laws ch. 618, art. 1, § 39.