**William L. RUPP d/b/a Rupp Trucking, et al., Appellants,**

v.

**Lorraine E. MAYASICH, et al., Respondents.**

No. C2–96–2203.

Court of Appeals of Minnesota.

April 1, 1997.

John D. McKenzie, St. Paul, for Appellants.

Hubert H. Humphrey III, Attorney General, Mark B. Levinger, Assistant Attorney General, St. Paul, for Respondents.

Considered and decided by CRIPPEN, P.J., and PETERSON and MANSUR *, JJ.

## OPINION

MARTIN J. MANSUR, Judge.

Trucking company owners appeal a decision of the district court dismissing their suit for a declaratory judgment that respondents, in their capacity as board members of the Minnesota Transportation Regulation Board, violated the open meeting law. The district court dismissed the suit, concluding that appellants had not presented a justiciable controversy and that as a result the district court lacked jurisdiction over the matter. The district court also concluded that attorney fees were not recoverable under Minn. Stat. § 471.705 (1992). We affirm.

## FACTS

Appellants Rupp, et al., alleged that respondents Mayasich, et al., as members of the now-defunct Minnesota Transportation Regulation Board (MTRB), violated Minnesota's open meeting law, Minn.Stat. § 471.705 (1992), by holding a meeting on June 29, 1992, without adequate notice. Appellants alleged that at the June 29 meeting respondents adopted a definition of a term relevant

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

to the trucking industry. Appellants sought a declaration that the meeting violated the open meeting law; that respondents be fined the maximum statutory penalty for willfully violating the statute; and that subsequent decisions of the MTRB using the definition adopted in the meeting at issue be declared void.

In the interim between appellants' initial complaint and the district court's decision to grant summary judgment for respondents, we decided *Petition of D & A Truck Line,* 524 N.W.2d 1 (Minn.App.1994). Relators in that case sought to invalidate the definition adopted by the MTRB in the same contested meeting. *Id.* at 5. We did not decide whether the open meeting law had been violated, but held that a violation of the law, even if proved, does not invalidate the action taken at the meeting. *Id.* at 6. This decision removed from consideration appellants' request that the subsequent actions of the MTRB be invalidated.

In November 1994, the district court granted summary judgment for respondents, concluding that the notice posted complied with the statutory requirements of the open meeting law. This court reversed and remanded the decision of the district court for a factual inquiry into the accessibility of the posting. *Rupp v. Mayasich,* 533 N.W.2d 893, 895 (Minn.App.1995). We did not reach the question of whether the open meeting law had been violated. *Id.*

On remand, appellants dropped their claim that respondents' alleged violation was willful or deliberate and sought only a declaration that respondents had violated the open meeting law. Appellants also sought attorney fees. On the day of trial, both parties asked the district court to rule on the issue of attorney fees, because the issue was potentially dispositive of the action. The district court denied appellants' request for attorney fees, ruling that attorney fees are available exclusively in actions pursuant to section 471.705, subdivision 1a, "Labor negotiations; exception," but are not generally available. We denied appellants' petition for discretion-

ary review of the court's ruling on attorney fees.

Respondents' motion to dismiss for lack of subject matter jurisdiction was granted by the district court on September 30, 1996, and this appeal followed.

## ISSUES

1. Did the district court erroneously dismiss appellants' complaint as nonjusticiable?

2. Does the 1992 open meeting law, Minn. Stat. § 471.705, subd. 1a (1992), provide for attorney fees?

## ANALYSIS

### 1. Justiciability

■ Appellants argue a justiciable controversy exists because: (1) the open meeting law, Minn.Stat. § 471.705 (1992),[1] explicitly provides for declaratory actions as an enforcement mechanism; and (2) appellants have a legal right to have meetings held in conformity with the open meeting law and that a declaratory action is an appropriate means by which that right may be protected.

■ Minnesota's uniform declaratory judgments act provides that a court may render a declaratory judgment when a person whose rights are affected by a statute seeks a declaration of those rights. Minn. Stat. § 555.02 (1996). But a court lacks jurisdiction in the absence of a justiciable controversy. *St. Paul Area Chamber of Commerce v. Marzitelli,* 258 N.W.2d 585, 587 (Minn.1977); *see also Seiz v. Citizens Pure Ice Co.,* 207 Minn. 277, 281, 290 N.W. 802, 804 (1940). A justiciable controversy requires: (1) a genuine or present controversy; (2) presented by persons with truly adverse interests; and (3) capable of specific rather than advisory relief by a decree or judgment. *Rice Lake Contracting Corp. v. Rust Env't. & Infrastructure, Inc.,* 549 N.W.2d 96, 99 (Minn.App.1996), *review denied* (Minn. Aug. 20, 1996); *see also Kennedy v. Carlson,* 544 N.W.2d 1, 6 (Minn.1996); *State ex rel. Smith v. Haveland,* 223 Minn. 89, 92, 25 N.W.2d

---

1. Appellants brought suit under the 1992 open meeting law statute. Our comments regarding the appropriateness of declaratory actions as an enforcement mechanism are not limited to the 1992 statute, but apply to subsequent versions of the statute as well.

474, 477 (1946); Minn.Stat. § 555.06 (1996) (court may refuse to enter a declaratory judgment where judgment would not eliminate the uncertainty or controversy giving rise to the proceeding). Whether a court has jurisdiction is a question of law, subject to de novo review. *Frost–Benco Elec. Ass'n v. Minnesota Pub. Utils. Comm'n,* 358 N.W.2d 639, 642 (Minn.1984).

■ Appellants' belief that the 1992 open meeting law explicitly provides for enforcement through declaratory judgment actions is erroneous. The enforcement provision of the statute states:

> Any person who violates subdivision 1 shall be subject to personal liability in the form of a civil penalty in an amount not to exceed $100 for a single occurrence. An action to enforce this penalty may be brought by any person in any court of competent jurisdiction * * *.

Minn.Stat. § 471.705, subd. 2 (1992). Thus, the statute permits actions to enforce the civil penalty provision, but is silent as to declaratory actions premised solely on a declaration of rights rather than on damages or injunctive relief.

Appellants assert that *Thuma v. Kroschel,* 506 N.W.2d 14 (Minn.App.1993), *review denied* (Minn. Dec. 14, 1993), supports their position on this issue because this court affirmed a district court's grant of a declaratory judgment that the open meeting law had been violated. *Id.* at 21. But our decision in *Thuma* was based on the specific relief requested. In *Thuma,* the respondents sought and won the imposition of the civil penalty provided for in Minn.Stat. § 471.705 for violations of the open meeting law. *Thuma,* 506 N.W.2d at 16. It was the request for specific relief in the form of the penalty that made this a justiciable controversy.

■ We find, however, that our discussion in *Thuma* of the use of a declaratory judgment action to declare a public official's actions ultra vires is more analogous to the present case. *Id.* at 20–21. In *Thuma,* respondents complained that the mayor of Afton had acted ultra vires in entering into a well-drilling contract. The district court concluded that the mayor had, indeed, acted

ultra vires. Appellants challenged that finding, arguing that respondents failed to present a justiciable controversy as required by the uniform declaratory judgment act. *Id.* at 20. This court agreed, again citing the relief requested:

> Respondent, however, did not seek to void the well-drilling contract or to restrain the unlawful use of city money. * * * The relief respondent requested was solely limited to a judicial declaration that [the mayor] acted ultra vires * * *. Absent "the existence of a genuine conflict in the tangible interests of the opposing litigants," * * * the trial court did not have jurisdiction to consider the merits * * *.

*Id.* at 21 (quoting *Haveland,* 223 Minn. at 89, 25 N.W.2d at 477). Similarly, appellants in this case have sought neither injunctive relief, nor damages, but solely a declaration by this court that respondents violated the open meeting law.

The open meeting law protects important public rights. *See Claude v. Collins,* 518 N.W.2d 836, 841 (Minn.1994) (quoting *St. Cloud Newspapers, Inc. v. District 742 Community Schools,* 332 N.W.2d 1, 4 (Minn.1983) (stating that the open meeting law serves vital, public purposes)). However, the legislature provided the public with a method to protect those important rights by including an enforcement provision within the statute. *See* Minn.Stat. § 471.705, subd. 2. We conclude that the district court did not err in dismissing appellants' suit as nonjusticiable.

**2. Attorney Fees**

Appellants argue that the district court erred in concluding that attorney fees were not recoverable under the 1992 open meeting law. Minn.Stat. § 471.705, subd. 1a (1992) provides:

> The prevailing party in an action brought before or after the tape is made available to the public which establishes that a violation of this section has occurred shall recover costs and reasonable attorney's fees as determined by the court.

This passage concludes subdivision 1a, "Labor negotiations, exceptions." Rupp believes that because this passage refers to "viola-

tion[s] of this section" that the passage must be read to permit attorney fees for any violation of the open meeting law. Had attorney fees been limited to violations of the labor negotiations section, Rupp argues, this passage would have read "violation[s] of this subdivision."

Having concluded that appellants have not presented a justiciable controversy, we find that it is unnecessary to consider the merits of appellants' proposed statutory construction. An award of attorney fees is inappropriate because there is no "prevailing party" in this matter.[2]

### DECISION

We affirm the decision of the district court dismissing appellants' suit as nonjusticiable and concluding that attorney fees were not recoverable under Minn.Stat. § 471.705 (1992).

**Affirmed.**

---

**2.** Minn.Stat. § 471.705, subd. 2, was amended in 1994. The statute now provides:

    In addition to other remedies, the court may award costs, disbursements, and reasonable attorney fees of up to $13,000 to any party in an action under this section.

Minn.Stat. § 471.705, subd. 2(b), amended by 1944 Minn. Laws ch. 618, art. 1 § 39.