STATE OF MINNESOTA

IN SUPREME COURT

A24-1380

Court of Appeals                                                                McKeig, J.

Sela Investments, Ltd LLP,

                    Respondent,

vs.                                                                 Filed: June 17, 2026
                                                                    Office of Appellate Courts
J.H.,

                    Appellant.

_____


Christopher T. Kalla, Douglass E. Turner, Hanbery & Turner, P.A., Minneapolis, Minnesota, for respondent.

Elizabeth F. Sauer, Central Minnesota Legal Services, Minneapolis, Minnesota; and

Whitney L. Herold, Max Tsai, Julia D. Zwak, Mid-Minnesota Legal Aid, Minneapolis, Minnesota, for appellant.

Keith Ellison, Attorney General, Madeleine DeMeules, Assistant Attorney General, Saint Paul, Minnesota, for intervenor the Office of the Minnesota Attorney General.

Lawrence McDonough, Samuel Spaid, HOME Line, Bloomington, Minnesota, for amicus curiae HOME Line.

Jessica Szuminski, Housing Justice Center, Saint Paul, Minnesota, for amicus curiae Housing Justice Center.

Kayleen Asmus, Karen Fairbairn Nath, Legal Assistance of Olmsted County, Rochester, Minnesota, for amicus curiae Legal Assistance of Olmsted County.

Elizabeth Warner (Frazier), Walter Burk, Minnesota Assistance Council for Veterans, Saint Paul, Minnesota, for amicus curiae Minnesota Assistance Council for Veterans.

Lisa Hollingsworth, Heather Mendiola, Brianna Boone, Southern Minnesota Regional Legal Services, Inc., Saint Paul, Minnesota, for amicus curiae Southern Minnesota Regional Legal Services, Inc.

Sonja J. Woodward, Volunteer Lawyers Network, Minneapolis, Minnesota, for amicus curiae Volunteer Lawyers Network.

_____

## S Y L L A B U S

To have standing to challenge the constitutionality of a statute, a party must show

that the statute has or is about to disadvantage the party's legal interest or right.

Vacated.

## O P I N I O N

McKEIG, Justice.

In 2023, the Legislature amended Minnesota's eviction expungement statute to

provide that a "court shall order expungement of an eviction case … upon motion of the

defendant, if the case is settled and the defendant fulfills the terms of the settlement." Act

of May 19, 2023, ch. 52, art. 19, § 118, 2023 Minn. Laws 810, 1188 (codified as amended

at Minn. Stat. § 484.014, subd. 3(a)(7)). Sela Investments, Ltd., LLP, challenged the

constitutionality of this statutory provision ("the eviction settlement expungement

provision") by appealing the expungement of a former tenant's eviction court file. The

court of appeals concluded that the eviction settlement expungement provision is facially

unconstitutional as a violation of the separation of powers "because it infringes on the

judiciary's inherent authority to decide cases and to manage its own records." *Sela Invs.,*

*Ltd LLP v. J.H.*, 22 N.W.3d 181, 183 (Minn. App. 2025). The former tenant, J.H., petitioned for review.

Standing, however, is a threshold issue. And consistent with our precedent, we hold that to have standing to challenge the constitutionality of a statute, a party must show that the statute has or is about to disadvantage the party's legal interest or right. Here, Sela Investments has not shown that the eviction settlement expungement provision, Minn. Stat. § 484.014, subd. 3(a)(7), has or is about to disadvantage Sela Investments' legal interest or right. Sela Investments therefore lacks standing to challenge the constitutionality of the eviction settlement expungement provision. Because Sela Investments lacks standing, we lack jurisdiction to reach the constitutional challenge—as did the court of appeals.

Accordingly, we vacate the decision of the court of appeals.

**FACTS**

Minnesota Statutes section 484.014 provides for the expungement of eviction records held by the judicial branch. The Legislature defined three key terms for purposes of section 484.014:

> (1) "expungement" means the removal of evidence of the court file's existence from the publicly accessible records;
> (2) "eviction case" means an action brought under sections 504B.281 to 504B.371; and
> (3) "court file" means the court file created when an eviction case is filed with the court.

Minn. Stat. § 484.014, subd. 1.

In subdivisions 2 and 3, the Legislature provided the circumstances under which a party may seek expungement of an eviction court file. Under the balancing test provided in Minn. Stat. § 484.014, subd. 2,

> [t]he court may order expungement of an eviction case court file if the court finds the expungement is clearly in the interests of justice and those interests are not outweighed by the public's interest in knowing about the record.

*Id.* In contrast, subdivision 3 provides specific circumstances under which expungement of an eviction court file must occur. Minn. Stat. § 484.014, subd. 3.

In 2023, the Legislature amended subdivision 3 to expand the circumstances under which a "court shall … order expungement of an eviction case." Act of May 19, 2023, ch. 52, art. 19, § 118, 2023 Minn. Laws 810, 1188 (codified as amended at Minn. Stat. § 484.014, subd. 3 (Supp. 2023)) (effective Jan. 1, 2024). As relevant here, the Legislature provided that a tenant who was the defendant in an eviction action can obtain a mandatory expungement of the court file "upon motion of [the] defendant, if the case is settled and the defendant fulfills the terms of the settlement." Minn. Stat. § 484.014, subd. 3(a)(6) (Supp. 2023). This statutory language is now located at Minn. Stat. § 484.014, subd. 3(a)(7). Act of May 24, 2024, ch. 118, § 1, 2024 Minn. Laws 1941, 1942 (effective June 23, 2024) (moving the eviction settlement expungement provision to a new clause (7) and adding a new ground for expungement at clause (6)).

In December 2023, respondent Sela Investments brought an eviction action against appellant J.H.[1] The parties resolved the eviction action through a court-approved

---

[1] Because the district court eviction case against J.H. has been expunged, we limit our discussion of the facts related to the eviction case to only those facts stated in the

settlement agreement later that month. Under the terms of the settlement agreement, J.H. was required to vacate the apartment by January 31, 2024. Neither party disputes that J.H. complied with the settlement agreement by vacating the apartment by that date.

Approximately six months later, J.H. filed a motion for expungement of the December 2023 eviction court file and a supporting affidavit. J.H. sought expungement based on J.H.'s compliance with the settlement agreement under the eviction settlement expungement provision in Minn. Stat. § 484.014, subd. 3, and the discretionary expungement provision in Minn. Stat. § 484.014, subd. 2. A housing court referee recommended the district court order expungement of J.H.'s eviction court file under Minn. Stat. § 484.014, subd. 3, and the district court countersigned the order for expungement.

Sela Investments appealed the expungement order to the court of appeals, challenging the constitutionality of Minn. Stat. § 484.014 under the separation of powers doctrine, the First Amendment, and the common law. Sela Investments' separation of powers claim rested on the premise that Minn. Stat. § 484.014 interferes with the judiciary's authority to maintain its own records. The Attorney General intervened to defend the constitutionality of Minn. Stat. § 484.014. Neither J.H. nor the Attorney General challenged Sela Investments' standing before the court of appeals.

---

parties' public filings and in the decision of the court of appeals. The expunged court file remains part of our record, and we have verified the facts stated here against those publicly inaccessible records.

The court of appeals concluded that the eviction settlement expungement provision is facially unconstitutional as a violation of the separation of powers "because it infringes on the judiciary's inherent authority to decide cases and to manage its own records."[2] *Sela Invs.*, 22 N.W.3d at 183. The court of appeals reversed and remanded for the district court to determine whether J.H. was entitled to expungement under the balancing test described in Minn. Stat. § 484.014, subd. 2.

We granted J.H.'s petition for review. Before our court, the Attorney General raised—and Sela Investments responded to—the question of Sela Investments' standing.

## ANALYSIS

We granted review to determine the constitutionality of the eviction settlement expungement provision, now codified at Minn. Stat. § 484.014, subd. 3(a)(7). But the first question we must address—and, as it turns out, the *only* question we can address—is whether Sela Investments had standing to challenge the constitutionality of Minn. Stat. § 484.014, subd. 3(a)(7). Under the facts of this case, we conclude that Sela Investments did not have standing to challenge the constitutionality of Minn. Stat. § 484.014, subd. 3(a)(7). We therefore lack jurisdiction to reach the merits of Sela Investments' challenge. Because the court of appeals also lacked jurisdiction to reach the merits, we vacate its decision.

---

[2]     The court of appeals did not reach Sela Investments' First Amendment and common-law arguments because it reversed on separation-of-powers grounds. *Sela Invs.*, 22 N.W.3d at 184 n.3.

6

Standing is a question of law that we review de novo. *See St. Paul Area Chamber of Com. v. Marzitelli*, 258 N.W.2d 585, 588 (Minn. 1977) (reviewing the plaintiffs' standing de novo without explicitly stating the standard of review). And it is of no consequence that standing was not pressed by any party or passed upon before the case reached our court; standing is a jurisdictional prerequisite that—even if it had not been raised by the parties—"we can address sua sponte." *See Minn. Sands, LLC v. County of Winona*, 940 N.W.2d 183, 191 n.9 (Minn. 2020).

To have standing to challenge the constitutionality of a statute, "the litigant bringing the challenge must … be able to show that the statute is, or is about to be, applied to [the litigant's] disadvantage." *Marzitelli*, 258 N.W.2d 588; *see also State ex rel. Clinton Falls Nursery Co. v. Steele Cnty. Bd. of Comm'rs*, 232 N.W. 737, 737 (Minn. 1930) ("It is the well-established law that a litigant may be heard to question the constitutionality of a statute only when and so far as it is being or is about to be applied to his disadvantage."). To show disadvantage, the challenger must prove "possession of a legal interest or right" that the statute "place[s] in jeopardy." *State ex rel. Smith v. Haveland*, 25 N.W.2d 474, 477 (Minn. 1946). This legal interest or right must be specific to the challenger; "[i]t is not sufficient that [the challenger] suffers in some indefinite way in common with people generally." *Minn. Ass'n of Pub. Schs. v. Hanson*, 178 N.W.2d 846, 850 (Minn. 1970).

As outlined above, under the eviction settlement expungement provision, "[a] court shall … order expungement of an eviction case … upon motion of a defendant, if

the case is settled and the defendant fulfills the terms of the settlement." Minn. Stat. § 484.014, subd. 3(a)(7). The Legislature has defined "expungement" as "the removal of evidence of the court file's existence from the publicly accessible records." *Id.*, subd. 1(1).

Here, J.H. satisfied each aspect of the eviction settlement expungement provision required for the court to expunge the court file. First, Sela Investments and J.H. reached a court-approved settlement agreement under which J.H. was required to vacate the apartment by a specific date. Second, J.H. vacated the apartment by the required date, thus fulfilling the terms of the settlement. Third, J.H. moved the district court to expunge the eviction court file pursuant to the eviction settlement expungement provision. Sela Investments disputes none of these facts. And for reasons explained below, we conclude that Sela Investments has not proved that it possesses any "legal interest or right" that the expungement of J.H.'s eviction court file jeopardizes, *Haveland*, 25 N.W.2d at 477, and that the statute has not been, and is not about to be, applied to Sela Investments' disadvantage in the matter of the expungement of J.H.'s eviction court file, *see Marzitelli*, 258 N.W.2d at 588.

Sela Investments argues it has standing for two reasons: first, because it was the plaintiff in the December 2023 eviction case; and second, because the expungement "aggrieves" it. We address each argument in turn.

Sela Investments first argues it has standing because it was the plaintiff in the December 2023 eviction case. On appeal, Sela Investments does not challenge the outcome of the eviction case. Instead, it now challenges the constitutionality of Minn.

8

Stat. § 484.014, subd. 3(a)(7), a statute related to the status of the records related to the eviction case. To bring this challenge, Sela Investments "must … be able to show that the statute is, or is about to be, applied to [the litigant's] disadvantage." *Marzitelli*, 258 N.W.2d at 588. The fact that Sela Investments had standing to bring the December 2023 eviction case does not on its own show that the challenged expungement statute is, or is about to be, applied to Sela Investments' disadvantage. Accordingly, Sela Investments' first argument in support of its standing fails.

Sela Investments next argues that it has standing because the expungement of the eviction case "aggrieves" Sela Investments; in other words, the expungement harmed Sela Investments. But Sela Investments does not articulate any harm it has suffered or will suffer by the expungement of J.H.'s eviction court file. In fact, Sela Investments admits that it "will be able to retain its own proprietary knowledge of J.H. and not rent to that person again." We have no reason to doubt this is true. Sela Investments therefore has not shown that it has been or is about to be harmed by the "the removal of evidence of the court file's existence from the publicly accessible records"—that is, the expungement of J.H.'s court file. Minn. Stat. § 484.014, subd. 1(1).

Accordingly, we conclude that Sela Investments does not have standing to challenge the constitutionality of Minn. Stat. § 484.014, subd. 3(a)(7).

B.

Because Sela Investments lacked standing to challenge the constitutionality of the eviction settlement expungement provision, we must next consider whether we should vacate the precedential decision of the court of appeals. "Vacatur is proper when the court

9

of appeals lacked jurisdiction." *Reichel v. Wendland Utz, LTD*, 11 N.W.3d 602, 611 (Minn. 2024). Appellate jurisdiction is a question of law that we review de novo. *Howard v. Svoboda*, 890 N.W.2d 111, 114 (Minn. 2017).

A court does not have jurisdiction to determine the constitutionality of a statute if the challenger cannot show it has standing. *Marzitelli*, 258 N.W.2d at 588 (stating that a litigant challenging the constitutionality of a statute must have standing "to invoke the jurisdiction of the court"). Here, as we conclude above, Sela Investments cannot show it has standing to challenge the constitutionality of Minn. Stat. § 484.014, subd. 3(a)(7). Because Sela Investments lacked standing to challenge the statute's constitutionality, the court of appeals lacked jurisdiction to determine whether Minn. Stat. § 484.014, subd. 3(a)(7), is constitutional.

We acknowledge that neither J.H. nor the Attorney General challenged Sela Investments' standing before the court of appeals. But this did not exempt the court of appeals from its independent obligation to ensure Sela Investments had standing. *See, e.g.*, *Glaze v. State*, 909 N.W.2d 322, 325 (Minn. 2018) ("Standing cannot be waived by the parties and must be maintained at each stage of litigation, including on appeal. Accordingly, we examine standing regardless of whether it was raised by the parties …." (citations omitted)); *Webster v. Hennepin County*, 910 N.W.2d 420, 433 (Minn. 2018) ("Standing to appeal is essential to our jurisdiction. Even when a party has not raised the issue, we can question a party's standing on our own motion." (citation omitted)); *Annandale Advocate v. City of Annandale*, 435 N.W.2d 24, 27 (Minn. 1989) ("The question of standing, which can be raised by this court on its own motion, is essential to

10

our exercise of jurisdiction."); *see also, e.g.*, *In re Block*, 727 N.W.2d 166, 174–75, 174 n.3 (Minn. App. 2007) (addressing a party's standing after requesting supplemental briefing on standing where no party had raised the issue).

Nor does the parties' failure to address standing to the court of appeals affect our decision to vacate that court's decision. We have previously vacated decisions of the court of appeals without deciding the merits of the underlying issues when that court lacked jurisdiction. *See, e.g.*, *In re Welfare of Child. of L.K.*, 32 N.W.3d 163, 168 (Minn. 2026) (vacating a portion of the court of appeals' decision because that issue was not properly before the court); *Reichel*, 11 N.W.3d at 611 (vacating the court of appeals' decision because the district court had not reached the claims); *Howard v. Svoboda*, 890 N.W.2d 111, 116 (Minn. 2017) (vacating the court of appeals' decision because the order was nonappealable and there was no good cause to suspend the rules of appellate procedure); *McCullough & Sons, Inc. v. City of Vadnais Heights*, 883 N.W.2d 580, 592 (Minn. 2016) (vacating the court of appeals' decision because the order at issue was nonappealable); *Case v. Woods*, 377 N.W.2d 924, 924 (Minn. 1985) (per curiam) (vacating the court of appeals' decision because the matter was moot before that court).

Accordingly, because the court of appeals lacked jurisdiction over this matter, we vacate the decision of the court of appeals.

## CONCLUSION

For the foregoing reasons, we vacate the decision of the court of appeals.

Vacated.