Gerald R. FRASER, Respondent,

v.

Jayne C. FRASER, Appellant, James L. Fraser, Respondent,

and

In re the Marriage of James L. Fraser, petitioner, Respondent,

v.

Jayne C. Fraser, Appellant,

v.

Gerald R. Fraser, individually and as Trustee of the Gerald R. Fraser Revocable Intervivos Trust, Respondent.

Nos. C6–01–812, C8–01–813.

Court of Appeals of Minnesota.

March 19, 2002.

Kenneth Robert Hertz, Columbia Heights, and Steve Nichols, Minneapolis, (for appellant).

Paul W. Chamberlain, Chamberlain Law Firm, Wayzata, and Richard S. Eskola, Fridley, (for respondent).

Considered and decided by SCHUMACHER, Presiding Judge, HANSON, Judge, and PORITSKY, Judge.*

## OPINION

HANSON, Judge.

Appellant-wife and respondent-husband bought a house on contract-for-deed from husband's father.[1] After husband brought an action to dissolve the marriage, father gave notice of the cancellation of the contract for deed. Initially, the district court joined father as a third-party respondent in the dissolution action and enjoined him from canceling the contract for deed. On reconsideration, the district court vacated the injunction and held that it lacked personal jurisdiction over father and subject matter jurisdiction over his property rights; that its order enjoining cancellation was void ab initio; and that the period to cure the cancellation of the contract for deed had expired.

Father then brought an eviction action against wife and her tenants and the same district court judge ruled in father's favor, holding that wife's service defenses were precluded because they had been previously rejected in the dissolution action and that wife's equitable defenses were outside the scope of an eviction action. Wife appealed from the district court's rulings in both cases and the two appeals were consolidated.

Because the dissolution action is not "an action under or in relation to" a contract for deed, for purposes of enjoining cancel-

lation under Minn.Stat. § 559.211 (2000), we affirm the district court's determination that it lacked jurisdiction in the dissolution action to enjoin father. But because the district court lacked jurisdiction in the dissolution action to decide questions concerning the cancellation of the contract for deed, wife was not foreclosed from litigating her service defenses in the eviction proceeding. Further, because wife's equitable defenses were not precluded by the expiration of the period to cure the cancellation of the contract for deed, the district court must determine whether the eviction action provides the only opportunity to litigate those defenses, in which case wife may assert those defenses in the eviction action. Thus, we remand the eviction action for further proceedings.

## FACTS

Husband and wife acquired a home by buying it from the sellers, quitclaiming it to husband's father, and entering a contract for deed with father. During the marriage, father periodically accepted late contract-for-deed payments from husband and wife.

Husband petitioned to dissolve the marriage. Under the temporary order, the district court awarded wife the use of the home and ordered husband to make the contract-for-deed payments. Husband tendered father a check for the July 2000 payment but father refused to accept it because there were insufficient funds in husband's account. Father later refused to accept the August and September payments from husband.

Father then attempted to serve husband and wife with a Notice of Cancellation of the contract for deed. Service on wife was

---

* Retired judge of the district court, serving the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

1. Husband's father is also a respondent in this appeal.

made on wife's adult daughter, who allegedly lived in a basement apartment in the home. Wife moved in the dissolution action to have husband held in contempt for not making the contract-for-deed payments, to join father as a third-party respondent and to suspend father's ability to cancel the contract for deed. The district court initially joined father as a respondent to the dissolution action and enjoined him from canceling the contract for deed. The district court also found husband in contempt, but suspended his sentence to the extent that he made timely payments to wife's attorney of the amounts due under the contract for deed.

On father's request for reconsideration, the district court reversed itself and vacated the injunction, ruling that (a) the dissolution action was not a cause of action "under or in relation to" the contract for deed, which is a prerequisite under Minn. Stat. § 559.211 (2000), for an action to suspend cancellation of a contract for deed; (b) the court lacked jurisdiction in the dissolution action to address father's property rights because the dissolution action was not an in rem proceeding and because service on father was defective; and (c) third-party practice was inappropriate in a dissolution action. Therefore, the district court concluded that its earlier injunction order was void *ab initio* and that the period to cure the contract-for-deed defaults had expired.

Father filed an eviction action against wife and her tenants. Wife raised the defenses that the contract for deed was actually an equitable mortgage and could only be foreclosed by action; that service of the notice of cancellation was defective; and that father lacked standing to sue. The district court entered an eviction judgment, ruling that father was entitled to immediate possession of the house, but stayed the writ of recovery. Wife appealed both the eviction judgment and the dissolution order vacating the injunction. This court consolidated the appeals.

## ISSUES

I. Is a dissolution action "an action arising under or in relation to a contract for the conveyance of real estate or any interest therein" for purposes of seeking an injunction under Minn.Stat. § 559.211 (2000)?

II. Were wife's defenses in the eviction action precluded by determinations made in the dissolution action?

## ANALYSIS

### I

The district court vacated its injunction and refused to suspend father's cancellation of the contract because (1) "third party practice is not allowed in a marriage dissolution" and (2) a dissolution action does not qualify under Minn.Stat. § 559.211 (2000). We disagree with the district court's first reason but agree with the second.

#### *Third–Party Practice*

 The district court focused its discussion of third-party practice in a dissolution action on *Oldewurtel v. Redding*, 421 N.W.2d 722 (Minn.1988). *Oldewurtel* addressed the question of whether third parties who had been granted security interests in marital and nonmarital property by a husband had priority over the interests granted to wife in the dissolution action. *Id.* This court had approved the joinder of the secured parties to the dissolution action, stating that it "reduce[d] the multiplicity of lawsuits which would result if [the wife] were forced to institute independent legal proceedings." *Redding v. Olde-*

*wartel,*[2] 411 N.W.2d 231, 234 (Minn.App. 1987). The supreme court approved the joinder, but on different grounds. *Oldewurtel,* 421 N.W.2d at 726. It held that the secured parties had "waived" any objections to improper joinder by not making timely objections, and that the district court's statutory obligation to assure an equitable division of marital property was "sufficient to allow the dissolution court jurisdiction to join [the secured parties.]" *Id.* (Citation omitted.) 421 N.W.2d at 726. Without defining the limits of *Oldewurtel,* we can at least conclude, contrary to the district court's ruling, that third-party practice is not categorically prohibited in dissolution proceedings.[3]

### *Minn.Stat. § 559.21*

This does not mean that third-party practice was appropriate here. Wife sought to join father to the dissolution action in order to enjoin father's attempt to cancel the contract for deed. But the authority to enjoin the cancellation of a contract for deed is limited, by statute, to *"an action arising under or in relation to a contract for the conveyance of real estate or any interest therein."* Minn.Stat. § 559.211, subd. 1 (emphasis added). In rejecting wife's arguments that a dissolution action could qualify under section 559.211, the district court said:

> "Marriage dissolution is a statutory action and the scope of the Court's authority in such an action is limited to that as is granted by statute."

The court noted the narrow scope of dissolution actions, as discussed in *Melamed v. Melamed,* 286 N.W.2d 716, 718 (Minn. 1979), where the supreme court held that the district court did not have the power to award a property interest to the parties' children because "no statute confers such authority on the court."

■ Wife argues that the district court's analysis is defective because, after *Melamed,* the legislature amended Minn.Stat. § 518.58 (1978) to include provisions authorizing the district court, in a dissolution action, to order the sale of marital assets. *See* 1981 Minn. Laws ch. 349, § 7 (now codified, with amendments, at Minn.Stat. § 518.58, subd. 3 (2000)). While the amended statute allows a district court to direct the sale of a marital asset (here, husband-and-wife's vendee's interest in the contract for deed), the statute does not authorize the district court to adjudicate the interests of third parties.

Alternatively stated: While a dissolution action that utilizes Minn.Stat. § 518.58, subd. 3, could be said to relate to the married parties' interests in a contract for deed, we cannot say that it relates to the contract for deed. And, because it is obvious that the dissolution did not arise "under" the contract for deed, we conclude that a dissolution proceeding is not an "action under or relating to" the contract for deed under Minn.Stat. § 559.211. *See Smith v. Spitzenberger,* 363 N.W.2d 470, 472 (Minn.App.1985) (stating that "[u]nder

---

**2.** This court inadvertently misspelled the respondent's name in its opinion. *Oldewurtel,* 421 N.W.2d at 724 n. 1.

**3.** This reading of *Oldewurtel* is consistent with the relevant statutes, rules, and caselaw. *See, e.g.,* Minn.Stat. § 518.005, subd. 1 (2000) (stating "[u]nless otherwise specifically provided, the rules of civil procedure for the district court apply to all proceedings under this chapter"); Minn. R. Civ. P. 19.01–.04

(addressing joinder of parties required for adjudication); Minn. R. Civ. P. 20.01–.02 (addressing permissive joinder of parties); Minn. R. Civ. P. 21 (addressing misjoinder and nonjoinder of parties); Minn. R. Civ. P. 22 (addressing interpleaders); *Murray v. Antell,* 361 N.W.2d 466, 468–69 (Minn.App.1985) (affirming district court's order allowing joinder of stepfather in former husband's motion to modify custody).

Section 559.211 and principles of equity, a trial court may not grant injunctive relief unless an underlying cause of action exists. 'Injunctive relief is a remedy and not, in itself, a cause of action and a cause of action must exist *before* injunctive relief is granted.' " (emphasis in original) (quotation omitted)).

■ Moreover, compliance with Minn. Stat. § 559.211 has a second prong: that the requirements of Minn. R. Civ. P. 65 be satisfied. Rule 65 requires a threat of immediate, irreparable injury. Minn. R. Civ. P. 65. Here, however, there could be no immediate or irreparable injury from denying an injunction in the dissolution action because wife had the opportunity to start a separate action under Minn.Stat. § 559.221 to enjoin father's attempt to cancel the contract for deed. Further, if husband's failure to make the contract-for-deed payments was to blame for father's attempt to cancel the contract for deed, the district court was required, in the dissolution action, to compensate wife for any loss associated with husband's conduct. *See* Minn.Stat. § 518.58, subd.1a (2000) (stating that if the court finds one party has transferred, encumbered, concealed, or disposed of marital property in a manner that is not in the usual course of business or for the necessities of life, "the court *shall* compensate the other party by placing both parties in the same position that they would have been in" if the improper disposition of the property had not occurred) (emphasis added); Minn.Stat. § 645.44, subd. 16 (2000) (stating that " 'shall' is mandatory").

Thus, because any potential injury could have been avoided by following the proper procedure and because any injury actually suffered as a result of any improper conduct by husband is something for which there is a legal remedy, we cannot say that Rule 65 was satisfied here. Accordingly, we affirm the district court's order in the dissolution action rejecting the joinder of father as a third-party respondent and vacating the injunction.

## II

■ In the separate eviction action, wife's answer raised several defenses, including objections to service of the notice of cancellation and the defense of equitable mortgage. The district court determined that wife's service defenses were not properly before the eviction court because they had been decided adversely to wife in the dissolution action. But, because the district court lacked jurisdiction in the dissolution action to address father's attempted cancellation of the contract for deed, the rulings in the dissolution action were not binding in the subsequent eviction proceeding. *See, e.g., Hauser v. Mealey*, 263 N.W.2d 803, 808 (Minn.1978) (stating generally that "a judgment rendered by a court which lacks jurisdiction to hear a case does not have the effect of res judicata").[4]

Wife asserted the defense that the contract for deed was really an equitable mortgage that must be foreclosed by action, not by notice. The district court did not specifically address this defense. Wife also argues that

> the trial court should have invoked its equitable powers at the unlawful detainer hearing to declare that equity would not permit [father and husband] to act as they had in causing the default.

---

4. In the dissolution action, wife submitted an affidavit stating that she had been "served" with father's notice of cancellation. While this statement would be admissible in evidence, it does not preclude wife from offering evidence to explain or contradict her use of the word "served."

Both of these equitable defenses are available to wife in a proper proceeding. *See Coddon v. Youngkrantz,* 562 N.W.2d 39, 44 (Minn.App.1997) (holding that equitable defenses to a contract for deed cancellation could be asserted even though the period of redemption had expired), *review denied* (Minn. July 10, 1997). But the question presented is whether they can be properly asserted in an eviction action.

The present statutory provisions for an eviction action replaced those that previously authorized an "unlawful detainer" action. *See* 1998 Minn. Laws ch. 253 (repealing the unlawful detainer provisions of chapter 566 and enacting new provisions to be codified at chapter 504A); 1999 Minn. Laws ch. 199, art. 1 (repealing chapter 504A and replacing it with what is now codified at chapter 504B regarding "evictions"). Under the former Chapter 566, unlawful detainer actions were viewed as summary proceedings with limited scope that did not allow the assertion of equitable claims or defenses. *See Fritz v. Warthen,* 298 Minn. 54, 58–59, 213 N.W.2d 339, 341–42 (1973) (discussing summary nature of unlawful detainer proceeding); *Dahlberg v. Young,* 231 Minn. 60, 65, 42 N.W.2d 570, 574 (1950) (stating "[a]n equitable matter which requires affirmative relief to make it a defense per se cannot be interposed in unlawful-detainer proceedings" (citation omitted)).

Whether the scope of eviction proceedings under Chapter 504B is as limited as that of unlawful detainer proceedings under the former Chapter 566 has not been definitively addressed. On the one hand, we note that chapter 504B defines "eviction" as *"a summary court proceeding* to remove a tenant or occupant from or otherwise recover possession of real property." Minn.Stat. § 504B.001, subd. 4 (2000) (emphasis added). This aspect of an eviction action is comparable to the summary nature of the former unlawful-detainer

proceeding, which was one of the factors used to conclude that it was an inappropriate proceeding for equitable claims and defenses. *See Gallagher v. Moffet,* 233 Minn. 330, 333, 46 N.W.2d 792, 793 (1951) (stating that an unlawful detainer proceeding "merely determines the right to present possession and does not adjudicate the ultimate legal or equitable rights of ownership possessed by the parties" (citation omitted)). But, one of the other factors that limited the scope of an unlawful detainer proceeding was the absence of equitable powers in the municipal courts that originally heard those proceedings. Eviction actions are now heard by district courts with full equitable powers.

This court recently affirmed a district court's dismissal of counterclaims raised in an eviction proceeding where the counterclaims challenged the validity of the mortgage foreclosure underlying the eviction proceeding. *Amresco Residential Mort. Corp. v. Stange,* 631 N.W.2d 444 (Minn. App.2001). While this court noted that eviction cases are now heard by district courts with equitable powers, we affirmed the dismissal of the counterclaims because an "alternate process" was available for their resolution and, therefore, there was no need "to interfere with the summary nature of eviction proceedings." *Id.* at 445–46. This court noted that a party to such an alternate proceeding could seek to enjoin the prosecution of the eviction action pending determination of its challenges. *Id.*

*Amresco* strikes a balance between the summary nature of eviction actions and Minn. Const. art. 1, § 8, which provides that "[e]very person is entitled to a certain remedy in the laws for all injuries or wrongs which he may receive[.]" Thus, to the extent wife has the ability to litigate her equitable mortgage and other claims and defenses in alternate civil proceedings, it would be inappropriate for her to seek to

do so in the eviction action; only if the eviction action presents the only forum for litigating these claims would it be appropriate for the district court to entertain them in that action.

Unfortunately, we cannot determine on the record before us whether the eviction action was wife's only opportunity to address her claims and defenses. We note that wife sued husband and father in a separate action on February 9, 2000, but we lack information about that action. For this reason we remand the eviction action for the district court to (1) address wife's service claims; (2) address the propriety of entertaining wife's equitable defenses in the eviction action or in an alternate proceeding; and, if appropriate, (3) decide the equitable defenses.

## DECISION

While third-party practice is not categorically forbidden in dissolution actions, a dissolution is not an action "under or relating to" a contract for deed for purposes of Minn.Stat. § 559.211 (2000). Therefore, we affirm the district court's decision to vacate the joinder of father as a third-party respondent in the dissolution action and the injunction suspending father's attempt to cancel the contract. Because the dissolution court's ruling on the adequacy of father's service of the notice to cancel the contract for deed was not binding in the eviction action and because wife's equitable defenses are not foreclosed by any of the proceedings to date, we remand that action for the court to address the service defenses and to determine whether the equitable defenses should be heard in the eviction action.

**Affirmed in part, reversed in part, and remanded.**