*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-2089**

Federal Home Loan Mortgage Corporation,
Respondent,

vs.

Robi J. Briggs,
Appellant.

**Filed July 14, 2014
Affirmed
Bjorkman, Judge**

Carver County District Court
File No. 10-CV-13-606

Curt N. Trisko, Schiller & Adam, P.A., St. Paul, Minnesota (for respondent)

William B. Butler, Butler Liberty Law, LLC, Minneapolis, Minnesota (for appellant)

Considered and decided by Bjorkman, Presiding Judge; Ross, Judge; and Reilly, Judge.

**U N P U B L I S H E D   O P I N I O N**

**BJORKMAN**, Judge

Appellant homeowner challenges summary judgment in this eviction proceeding, arguing that respondent lacks standing and that the underlying mortgage foreclosure was invalid. We affirm.

**FACTS**

This eviction action follows a foreclosure on appellant Robi Briggs's real property in Waconia. Bank of America held a mortgage on the property and began a foreclosure-by-advertisement proceeding when Briggs defaulted on her payments. At the sheriff's sale on October 1, 2012, the bank was the successful bidder and obtained title to the property. The bank assigned the sheriff's certificate of sale to respondent Federal Home Loan Mortgage Corporation (Freddie Mac), subject to the expiration of the redemption period on April 1, 2013, and filed and recorded the assignment with the county recorder. Briggs did not redeem the property and continued to reside on the property after the redemption period expired. On May 14, 2013, Freddie Mac commenced this action. Freddie Mac moved for summary judgment, which the district court granted. This appeal follows.

**D E C I S I O N**

**I.     Freddie Mac has standing to bring an eviction action.**

Standing is a legal question, which we review de novo. *Builders Ass'n of Minn. v. City of St. Paul*, 819 N.W.2d 172, 176 (Minn. App. 2012). Standing requires a party to demonstrate a personal stake in a justiciable controversy. *Id*. A sufficient stake may exist "if the party has suffered an injury-in-fact or if the legislature has conferred standing by statute." *Olson v. State*, 742 N.W.2d 681, 684 (Minn. App. 2007) (quotation omitted).

Briggs argues that Freddie Mac lacks standing because the bank did not have a legal interest in the property at the time it purported to assign its interest in the sheriff's

certificate.[1] We disagree. As the holder of the sheriff's certificate, upon expiration of the redemption period, Freddie Mac owned all right, title, and interest of the mortgagor in the property. Minn. Stat. §§ 580.12, .19 (2012). As the property owner, Freddie Mac has an interest in resolving the conflict of who is entitled to present possession of the property, and has standing under the eviction statute to bring this action. *See* Minn. Stat. § 504B.285, subd. 1(1)(ii) (2012). Moreover, to the extent Briggs's standing argument challenges the foreclosure process itself, it is not properly raised in this proceeding. *See Deutsche Bank Nat'l Trust Co. v. Hanson*, 841 N.W.2d 161, 164 (Minn. App. 2014) ("Parties generally may not litigate related claims in an eviction proceeding."); *AMRESCO Residential Mortg. Corp. v. Stange*, 631 N.W.2d 444, 445-46 (Minn. App. 2001) (affirming dismissal of claims related to underlying foreclosure in eviction action because challenges to the validity of the mortgage or foreclosure process could be raised in a separate proceeding).

## II. Freddie Mac is entitled to summary judgment.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that either party is entitled to a judgment as a matter of law." Minn. R. Civ. P. 56.03. On appeal from summary judgment, we review the evidence de novo, in a light most favorable to the nonmoving party. *Valspar Refinish, Inc. v. Gaylord's, Inc.*, 764 N.W.2d 359, 364 (Minn. 2009).

---

[1] Briggs argues the bank previously assigned the mortgage to Freddie Mac, and thus did not have authority to make a bid at the sheriff's sale or assign its interest in the associated sheriff's certificate to Freddie Mac.

3

An eviction proceeding is a "summary court proceeding to remove a tenant or occupant from or otherwise recover possession of real property." Minn. Stat. § 504B.001, subd. 4 (2012). To prevail in an eviction action based on a foreclosed mortgage, a party must show that (1) the other party remains on the real property, (2) the mortgage has been foreclosed, (3) the time for redemption has expired, and (4) the plaintiff is entitled to possession of the property. Minn. Stat. § 504B.285, subd. 1 (2012). When a foreclosure sale occurs, the sheriff's certificate is the record of sale, and provides prima facie evidence that all the requirements of law have been complied with, and that the purchaser or its assignee has obtained title. Minn. Stat. §§ 580.12, .19.

Briggs argues that Freddie Mac is not entitled to summary judgment because the foreclosure was invalid. We are not persuaded. Briggs obtained a loan to purchase the property, signed a promissory note and mortgage to secure it, and ultimately defaulted on her payment obligations. The bank foreclosed the mortgage, purchased the property at the foreclosure sale, and assigned the sheriff's certificate to Freddie Mac subject to the redemption period. Briggs does not dispute that she did not redeem the property and did not vacate the property at the end of the redemption period. The only arguments Briggs makes in opposing eviction are challenges to the underlying foreclosure. As we noted above, these challenges are generally outside the scope of an eviction action. *See AMRESCO Residential Mortg. Corp.*, 630 N.W.2d at 445-46. And the extremely narrow exception to this rule, available only when "the eviction action presents the only forum for litigating these claims," *Fraser v. Fraser*, 642 N.W.2d 34, 41 (Minn. App. 2002), does not apply here. Briggs has availed herself of numerous opportunities in state and

4

federal court to challenge the foreclosure process.  Freddie Mac is entitled to an eviction judgment as a matter of law.

**Affirmed.**