*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-2237**

U. S. Bank National Association,
as trustee for the Structured Asset Investment Loan Trust, 2005-9,
Respondent,

vs.

Maria Twigg,
Appellant

**Filed September 2, 2014
Affirmed
Peterson, Judge**

Hennepin County District Court
File No. 27-CV-HC-13-5176

Curt N. Trisko, Reiter & Schiller, P.A., St. Paul, Minnesota (for respondent)

William B. Butler, Butler Liberty Law, LLC, Minneapolis, Minnesota (for appellant)

Considered and decided by Connolly, Presiding Judge; Peterson, Judge; and Schellhas, Judge.

## U N P U B L I S H E D   O P I N I O N

**PETERSON**, Judge

In this appeal from the district court's grant of summary judgment, appellant argues that respondent bank does not have standing or the legal capacity to bring an eviction action and is not entitled to possession of the property because of irregularities in the foreclosure process. We affirm.

**FACTS**

In July 2005, appellant Maria Twigg executed a mortgage to Mortgage Electronic Registration Systems, Inc. for residential property in Eden Prairie. The mortgage was assigned to respondent U.S. Bank National Association in October 2010, and the assignment was recorded in January 2011. Twigg fell behind on her mortgage payments, and U.S. Bank began foreclosure proceedings. At the sheriff's sale on January 11, 2013, U.S. Bank was the high bidder. The six-month redemption period ended on July 8, 2013, and Twigg did not redeem the property. Twigg continued to reside at the property.

On September 4, 2013, U.S. Bank served an eviction summons and complaint on Twigg. The following day, Twigg began a quiet-title action, which was removed to federal court. Twigg denied that there were grounds for eviction because of irregularities in the foreclosure process and questions about the assignment of the mortgage, and she moved to stay the eviction proceeding pending the outcome of the quiet-title action. Both parties moved for summary judgment. After a hearing on September 30, 2013, the district court granted the stay on condition that Twigg post a bond in the amount of $100,000 on or before October 14, 2013. Twigg failed to post the bond, and the district court granted summary judgment to U.S. Bank. Twigg appeals.

**D E C I S I O N**

**I.**

Twigg argues that U.S. Bank lacks standing to bring an eviction action. We review the issue of whether a party has standing de novo, as a question of law. *Rukavina v. Pawlenty*, 684 N.W.2d 525, 531 (Minn. App. 2004), *review denied* (Minn. Oct. 19,

2004).  "Standing is an aspect of justiciability that requires a party to have a sufficient stake in a justiciable controversy to seek relief from a court."  *Schiff v. Griffin*, 639 N.W.2d 56, 59 (Minn. App. 2002) (quotation omitted).

> A justiciable controversy exists if the claim (1) involves definite and concrete assertions of right that emanate from a legal source, (2) involves genuine conflict in tangible interests between parties with adverse interests, and (3) is capable of specific resolution by judgment rather than presenting hypothetical facts that would form an advisory opinion.

*McCaughtry v. City of Red Wing*, 808 N.W.2d 331, 336 (Minn. 2011) (quotation omitted).

A plaintiff has standing if the plaintiff has suffered an "injury-in-fact" or if standing is conferred by legislative enactment.  *Olson v. State*, 742 N.W.2d 681, 684 (Minn. App. 2007).  The issue is whether "the plaintiff is the proper party to bring a particular lawsuit."  *Id.*

The mortgage-foreclosure statute states:

> Every sheriff's certificate of sale made under a power to sell contained in a mortgage shall be prima facie evidence that all the requirements of law in that behalf have been complied with, and prima facie evidence of title in fee thereunder in the purchaser at such sale, the purchaser's heirs or assigns, after the time for redemption therefrom has expired.

Minn. Stat. § 580.19 (2012).

Twigg argues that Minn. Stat. § 580.19 does not confer standing on U.S. Bank because it establishes only a rebuttable presumption of title.  But U.S. Bank's claim is that it has suffered an injury-in-fact because Twigg is interfering with the greater right to

3

possession that U.S. Bank holds as the purchaser of the sheriff's certificate of sale. U.S. Bank's claim of a greater right to possession involves definite and concrete assertions of right that emanate from the sheriff's certificate of sale, there is a genuine conflict in tangible interests between Twigg and U.S. Bank with respect to the right to possession, and this conflict is capable of specific resolution by judgment in the eviction action. Thus, U.S. Bank has standing to bring the eviction action.

## II.

Twigg argues that "U.S. Bank never presented any evidence that it acquired any interest in [Twigg's] mortgage or that it was authorized by the mortgagee to foreclose on the mortgage." Twigg contends that "U.S. Bank cannot claim a right to possession unless it has the legal capacity to bring suit." But U.S. Bank is not claiming any interest in the mortgage or any authority to foreclose; it is claiming a right to possession based on the sheriff's certificate of sale, which is "prima facie evidence of title in fee." Minn. Stat. § 580.19.

## III.

We review the district court's grant of summary judgment to determine whether there are genuine issues of material fact and whether the district court erred in interpreting or applying the law. *Dahlin v. Kroening*, 796 N.W.2d 503, 505 (Minn. 2011). Twigg argues that the district court erred by granting summary judgment to U.S. Bank because the foreclosure was invalid, and, therefore, U.S. Bank is not entitled to present possession of the property.

But the validity of the foreclosure proceeding is not at issue in this appeal; this appeal is part of the eviction action. An eviction action is a "summary court proceeding to remove a tenant or occupant from or otherwise recover possession of real property by process of law." Minn. Stat. § 504B.001, subd. 4. (2012). An eviction action is limited to the question of who has a greater right to present possession of a property. *Deutsche Bank Nat'l Trust Co. v. Hanson*, 841 N.W.2d 161, 164 (Minn. App. 2014). Other related claims are not litigated, unless they "fit within the limited scope of an eviction proceeding." *Id.*

An eviction proceeding is the appropriate action to recover possession of property when "any person holds over real property . . . after the expiration of the time for redemption on foreclosure of a mortgage." Minn. Stat. § 504B.285, subd. 1 (2012). The plaintiff seeking possession must demonstrate that (1) a person remains in possession of real property; (2) the mortgage was foreclosed; (3) the redemption period has expired; and (4) the plaintiff is entitled to possession of the property. *Id.*

Challenges to the validity of the mortgage or foreclosure process are generally brought in a separate proceeding, in which the party raising the challenges can also seek an injunction to stay the eviction action. *AMRESCO Resid'l Mortg. Corp. v. Stange*, 631 N.W.2d 444, 445-46 (Minn. App. 2001); *see also Real Estate Equity Strategies, LLC v. Jones*, 720 N.W.2d 352, 359-60 (Minn. App. 2006) (identifying remedies a tenant may pursue outside of an eviction action).

Twigg followed this procedure; she brought a quiet-title action in Hennepin County District Court, challenging the validity of the mortgage-securitization process and

the foreclosure. This action was removed to the federal district court, which dismissed the action with prejudice on February 24, 2014.

U.S. Bank has provided proof of foreclosure, the expiration of the redemption period, and Twigg's continued occupation of the property. By virtue of holding the sheriff's certificate of sale, U.S. Bank has demonstrated that it has a present possessory right to the property that is superior to Twigg's possessory right. The district court did not err by granting summary judgment.

**Affirmed.**