*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0832**

Federal National Mortgage Association,
Respondent,

vs.

Vaambee Yang, et al.,
Appellants,
John Doe, et al.,
Defendants.

**Filed February 23, 2015
Affirmed
Stauber, Judge**

Ramsey County District Court
File No. 62-HG-CV-13-1986

Mark G. Schroeder, Briggs and Morgan, P.A., Minneapolis, Minnesota; and

Keith S. Anderson, Bradley, Arant, Boult, Cummings, L.L.P., Birmingham, Alabama (for respondent)

William Bernard Butler, Butler Liberty Law, L.L.C., Minneapolis, Minnesota (for appellants)

Considered and decided by Stauber, Presiding Judge; Worke, Judge; and Stoneburner, Judge.[*]

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**STAUBER**, Judge

Appellants argue that the district court erred by granting summary judgment to respondent because it lacked standing and the legal capacity to bring this eviction action based on alleged defects in the underlying foreclosure. We affirm.

## FACTS

Appellants Vaambee Yang and Yee X. Yang (the Yangs) executed a mortgage in favor of Countrywide Home Loans, Inc., in December 2005. Countrywide assigned the mortgage to BAC Home Loans Servicing, LP, f/k/a Countrywide Home Loans Servicing, LP, in 2011. Bank of America, N.A., the successor to BAC Home Loans by merger, commenced foreclosure proceedings in October 2012 because the Yangs had failed to make mortgage payments. Bank of America subsequently purchased the property at a sheriff's sale held in December 2012 and thereafter assigned its sheriff's certificate of sale to respondent Federal National Mortgage Association (Fannie Mae) on March 14, 2013.

The Yangs did not exercise their right to redeem the property before the redemption period ended on June 20, 2013. Fannie Mae began eviction proceedings in July 2013. Shortly thereafter, the Yangs filed a quiet-title action in federal district court, asserting that the foreclosure was void because there were unrecorded assignments, Bank of America did not have the power to foreclose, and the sheriff's certificate of sale was void because of these procedural irregularities; they also filed a notice of removal of the eviction action from state court to federal court.

The federal district court dismissed the quiet-title action, concluding that the Yangs' claim of an unrecorded assignment of the mortgage to Fannie Mae that they alleged occurred shortly after the mortgage document was executed was "meritless" and that they failed to "assert a plausible quiet-title claim." *Yang v. Fed. Nat'l Mortg. Ass'n*, No. 13-CV-2026, 2014 WL 223447, at *1 (D. Minn. Jan. 21, 2014).

The federal district court also abstained from exercising jurisdiction in the eviction action because such actions are primarily state-law matters and no federal interest was at stake and remanded the matter to state district court. *Fed. Nat'l Mortg. Ass'n v. Yang*, No. 13-2045, 2014 WL 910333, at *1, 3-4 (D. Minn. Mar. 10, 2014).

On May 2, 2014, the district court granted summary judgment to Fannie Mae and ordered a writ of recovery to issue. This appeal followed.

## D E C I S I O N

We will not reverse the district court's grant of summary judgment if, after de novo review, we conclude that there are no genuine issues of material fact and the district court did not err in applying the law. *Ruiz v. 1st Fid. Loan Servicing, LLC*, 829 N.W.2d 53, 56 (Minn. 2013). This matter was heard by a housing-court referee; under Minn. R. Gen. Pract. 602, eviction actions in Hennepin and Ramsey counties may be heard by a housing-court referee; when the referee's findings and order are confirmed by the district court, they become the findings and order of the district court. Minn. Stat. § 484.70, subd. 7(c) (2014).

3

**I.**

The Yangs argue that Fannie Mae does not have standing and lacks the legal capacity to bring this eviction action. In order to make this argument, the Yangs attempt to attack the validity of the underlying foreclosure in this eviction action by alleging that an undisclosed assignment of the mortgage shortly after its execution renders the entire foreclosure invalid under Minnesota law. The Yangs fully litigated this question in the federal district court, which summarily dismissed their claims as not meritorious. *See Yang*, 2014 WL 223447 at *1. For this reason, the Ramsey County district court's decision to limit the eviction action to the question of possessory rights was not an abuse of discretion. *See Deutsche Bank Nat'l Trust Co. v. Hanson*, 841 N.W.2d 161, 164 (Minn. App. 2014) (discussing the district court's "considerable discretion" to expand or to limit the scope of an eviction action); *see also Hauschildt v. Beckingham*, 686 N.W.2d 829, 837 (Minn. 2004) ("[A] right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction cannot be disputed in a subsequent suit between the same parties or their privies." (quotation omitted)); *Fraser v. Fraser*, 642 N.W.2d 34, 40-41 (Minn. App. 2002) (stating that challenges to real-property ownership should be brought in eviction action only if it is the sole forum for litigating such claims).

We see no merit in the Yangs' claim that Fannie Mae lacks standing or legal capacity to bring an eviction action. The concept of standing ensures that the plaintiff is the proper party to bring a particular legal action. *Olson v. State*, 742 N.W.2d 681, 684 (Minn. App. 2007). A plaintiff must have a sufficient stake in a justiciable controversy, established either because a party has suffered an injury-in-fact or because standing has

4

been statutorily conferred upon the plaintiff. *Id.* Fannie Mae is the holder of the sheriff's certificate of sale.

> Every sheriff's certificate of sale made under a power to sell contained in a mortgage shall be prima facie evidence that all the requirements of law in that behalf have been complied with, and prima facie evidence of title in fee thereunder in the purchaser at such sale . . . after the time for redemption therefrom has expired.

Minn. Stat. § 580.19 (2014). As the presumed owner in fee, Fannie Mae has a "sufficient stake" in the outcome of the eviction action. Although the Yangs argue that prima facie evidence can be rebutted by demonstrating irregularities in the sheriff's sale, they have not presented credible evidence to rebut the presumption. *See Jacobson v. $55,900 in U.S. Currency*, 728 N.W.2d 510, 521-22 (Minn. 2007) ("A presumption is merely a procedural device for controlling the burden of going forward with the evidence, and it has no additional function other than the limited one of dictating the decision *where there is an entire lack of competent evidence* to the contrary." (quotation omitted)). The Yangs' argument about standing is nothing more than an attempt to once again attack the validity of the mortgage foreclosure, an issue that was definitively settled in the federal courts. *See Fraser*, 642 N.W.2d at 40-41 (stating that it is inappropriate to litigate other claims and defenses in an eviction action unless it is the only forum for addressing such claims).

The Yangs' claim that Fannie Mae lacks legal capacity to bring this eviction action is a variation on their standing argument, which was also soundly rejected by the federal district court.

5

**II.**

The Yangs argue that the district court erred by granting summary judgment in favor of Fannie Mae. An eviction action is a summary proceeding intended to adjudicate the limited question of who has a present possessory right to a property. *Hanson*, 841 N.W.2d at 164. It is the appropriate proceeding for recovering possession of a property when a person holds over on foreclosed property following the end of the redemption period. Minn. Stat. § 504B.285, subd. 1(a)(1)(ii) (2014). The party seeking eviction must show (1) the other party remains on the property; (2) the mortgage on the property has been foreclosed; (3) the statutory redemption period has expired; and (4) the party seeking eviction has a right to possession of the property. *Id.*

According to the record before us, Fannie Mae provided evidence that the Yangs remained on the property, the mortgage in question was foreclosed, the statutory redemption period expired without an attempt to redeem the property, and Fannie Mae had a right to possession of the property because it held the sheriff's certificate of sale. The Yangs have not produced sufficient or competent evidence to create more than a "metaphysical doubt" as to any of these facts. *See DLH, Inc. v. Russ*, 566 N.W.2d 60, 71 (Minn. 1997) ("[T]here is no genuine issue of material fact . . . when the nonmoving party presents evidence which merely creates a metaphysical doubt as to a factual issue"). Fannie Mae is entitled as a matter of law to judgment. We therefore affirm.

**Affirmed.**