*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1038**

Federal National Mortgage Association,
Respondent,

vs.

Gretchen R. L. Harvey, et al.,
Defendants,

Gerald Von Grewe, et al.,
Appellants.

**Filed May 11, 2015
Affirmed
Peterson, Judge**

Hennepin County District Court
File No. 27-CV-HC-13-5606

Kalli L. Ostlie, Shapiro & Zielke, LLP, Burnsville, Minnesota (for respondent)

William B. Butler, Butler Liberty Law, LLC, Minneapolis, Minnesota (for appellant)

Considered and decided by Worke, Presiding Judge; Peterson, Judge; and Connolly, Judge.

**U N P U B L I S H E D   O P I N I O N**

PETERSON, Judge

In this appeal from an eviction judgment, appellants argue that respondent lacked standing and legal capacity to bring an eviction proceeding and the district court erred by

granting summary judgment to respondent and refusing to grant an unconditional stay of the proceedings. We affirm.

## FACTS

Defendant Gretchen R.L. Harvey and her now-deceased husband executed a mortgage against property in Maple Plain in favor of HSBC Mortgage Corporation USA. Appellants Gerald Von Grewe and Sheila Smith-Von Grewe entered into a contract for deed to purchase the property from the Harveys.

The mortgage was assigned to HSBC Bank USA, N.A., which foreclosed on the mortgage after Harvey defaulted on the mortgage. At the sheriff's sale, the property was sold to HSBC Bank, which assigned the sheriff's certificate of sale to respondent Federal National Mortgage Association (Fannie Mae). Neither Harvey nor appellants exercised their redemption rights or filed an action in either state or federal court to contest the mortgage foreclosure or to quiet title. Fannie Mae began an eviction action against Harvey and appellants, and although Harvey is named as a defendant, she has not taken part in the eviction proceeding.

Appellants removed the eviction action to federal district court and filed an answer and counterclaim. The federal district court declined to exercise jurisdiction and remanded the matter to state court.

A housing court referee granted Fannie Mae's motion for summary judgment. Appellants requested judicial review. The housing court referee stayed execution of the writ of recovery on condition that appellants post a supersedeas bond in the amount of $77,957.62, and on the same day the district court issued its order affirming the housing

2

court referee's grant of summary judgment. Because appellants failed to post the bond, the housing court referee lifted the stay of the writ. Appellants filed a notice of appeal to this court.

## D E C I S I O N

We review the district court's summary-judgment decision de novo to determine whether there are genuine issues of material fact and whether the district court erred in its application of the law. *Ruiz v. 1st Fid. Loan Servicing, LLC,* 829 N.W.2d 53, 56 (Minn. 2013). In Hennepin County, eviction actions are heard by a housing court referee. Minn. R. Gen. Pract. 602. When the referee's findings and order are confirmed by the district court, they become the findings and order of the district court. Minn. Stat. § 484.70, subd. 7(c) (2014).

## I.

Appellants argue that Fannie Mae lacks standing and legal capacity to bring this action. We review the issue of whether a party has standing de novo, as a question of law. *Rukavina v. Pawlenty*, 684 N.W.2d 525, 531 (Minn. App. 2004), *review denied* (Minn. Oct. 19, 2004). "Standing is an aspect of justiciability that requires a party to have a sufficient stake in a justiciable controversy to seek relief from a court." *Schiff v. Griffin*, 639 N.W.2d 56, 59 (Minn. App. 2002) (quotation omitted).

> A justiciable controversy exists if the claim (1) involves definite and concrete assertions of right that emanate from a legal source, (2) involves genuine conflict in tangible interests between parties with adverse interests, and (3) is capable of specific resolution by judgment rather than presenting hypothetical facts that would form an advisory opinion.

3

*McCaughtry v. City of Red Wing*, 808 N.W.2d 331, 336 (Minn. 2011) (quotation omitted).

A plaintiff has standing if the plaintiff has suffered an "injury-in-fact" or if standing is conferred by legislative enactment. *Olson v. State*, 742 N.W.2d 681, 684 (Minn. App. 2007). The issue is "whether the plaintiff is the proper party to bring a particular lawsuit." *Id.*

The mortgage-foreclosure statute states:

> Every sheriff's certificate of sale made under a power to sell contained in a mortgage shall be prima facie evidence that all the requirements of law in that behalf have been complied with, and prima facie evidence of title in fee thereunder in the purchaser at such sale, the purchaser's heirs or assigns, after the time for redemption therefrom has expired.

Minn. Stat. § 580.19 (2014). Fannie Mae holds the sheriff's certificate of sale, which is prima facie evidence of title in fee. This court has held that the party who holds the sheriff's certificate of sale suffers an injury-in-fact when the former owner of a foreclosed property holds over after expiration of the redemption period. *Fed. Home Loan Mortg. Corp. v. Mitchell*, ___ N.W.2d ___, ___, 2015 WL 1401595, at *2 (Minn. App. Mar. 30, 2015).

Appellants argue that the sheriff's certificate does not confer standing because it establishes only a rebuttable presumption of title, and the presumption is rebutted by proof of an irregularity in the sheriff's sale. Appellants' claim that there was an irregularity because there was an unrecorded assignment of mortgage to Fannie Mae and Fannie Mae was not listed on the notice of foreclosure. But the only evidence that

4

appellants cite to support this claim is a web page on which the Federal Housing Finance Agency explains that Fannie Mae does not make loans directly to home buyers and that "[g]enerally, lenders do not retain the mortgages they originate as assets on their own books. Instead, they often sell conventional conforming mortgage loans soon after origination to Fannie Mae or Freddie Mac." This description of lenders' general business practice is not evidence that there was an unrecorded assignment of appellants' mortgage to Fannie Mae. The language that appellants quote merely states that lenders "often sell" mortgages to Fannie Mae; it says nothing about appellants' mortgage. The record demonstrates that Fannie Mae became the holder of the sheriff's certificate by assignment following the foreclosure, which would not require an assignment of the mortgage to Fannie Mae.

Appellants also argue that, to establish standing, Fannie Mae needed to prove that the transfer by which it claims title complied with Fannie Mae's servicing guidelines, with a consent order that HSBC entered into with the comptroller of the currency, with HSBC's trust indenture, and with District of Columbia law. But Fannie Mae is the assignee of the sheriff's certificate of sale, which is prima facie evidence of Fannie Mae's title in fee. Appellants bear the burden of rebutting the presumption of title created by section 580.19, and they have offered nothing more than a theory, which is insufficient. *See Jacobson v. $55,900 in U.S. Currency*, 728 N.W.2d 510, 522 (Minn. 2007) ("A presumption is merely a procedural device for controlling the burden of going forward with the evidence, and it has no additional function other than the limited one of dictating

5

the decision *where there is an entire lack of competent evidence* to the contrary." (quotation omitted)).

Appellants also claim that the assignment of the sheriff's certificate was ineffectual and void because "a fraudulent signer executed the assignment of sheriff's certificate." But the only evidence that appellants cite to support this claim is a web page that describes an audit of the files in a register of deeds office in Salem, Massachusetts. Appellants contend that the audit identifies the person who signed Fannie Mae's assignment of the sheriff's certificate as a member of "a group of active 'robo-signers;' that is, signers for hire that have executed numerous foreclosure documents without any legal or factual foundation." This web page, however, like the web page that describes lenders' general business practice of selling mortgages to Fannie Mae, is not evidence that there was no legal or factual foundation for assigning the sheriff's certificate to Fannie Mae. Evidence of widespread misconduct in the mortgage industry may raise suspicion, but it is not evidence that a specific mortgage foreclosure was improperly conducted.

Similar to their argument regarding standing, appellants argue that Fannie Mae did not have the legal capacity to maintain the eviction action because Fannie Mae "presented no evidence that it acquired physical possession of and/or legal title to the loan as required." But, as we have already explained, the sheriff's certificate is prima facie evidence that Fannie Mae owned the property, and appellants had the burden of rebutting the presumption of title; Fannie Mae did not need to produce additional

evidence of ownership. *See Mitchell*, 2015 WL 1401595, at \*3 (rejecting essentially same argument).

## II.

Appellants argue that the district court erred by granting summary judgment to Fannie Mae because the court failed to take judicial notice of facts set forth in documents filed with the court. Included in these documents were copies of the mortgage and the contract for deed, generic copies of agreements used by Fannie Mae, and a general description of Fannie Mae trust-agreement policies.

Minn. R. Evid. 201(d) directs a court to "take judicial notice if requested by a party and supplied with the necessary information." "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the [district] court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Minn. R. Evid. 201(b). This rule deals only with adjudicative facts in civil cases, not questions of law. Minn. R. Evid. 201(a) 1989 comm. cmt.

Judicially noticed facts must be relevant. *See Dahlbeck v. DICO Co.*, 355 N.W.2d 157, 164 (Minn. App. 1984) (stating that "Federal Register shall be judicially noticed unless it is not relevant"), *review denied* (Minn. Feb. 6, 1985). Generic documents used by Fannie Mae and a general description of Fannie Mae trust-agreement policies are not relevant without some competent evidence that the documents were used and the policies were followed in this action. Appellants' assertion that Fannie Mae must have followed

7

these procedures, without any evidence that it did so with respect to appellants' mortgage, is not sufficient to require judicial notice.

The district court must grant summary judgment if there are no disputed facts and a party is entitled to judgment as a matter of law. Minn. R. Civ. P. 56.03. A party seeking eviction after a foreclosure must demonstrate that (1) the other party remains in possession of the property; (2) the mortgage on the property has been foreclosed; (3) the statutory redemption period has expired; and (4) the party seeking eviction has a right to possession of the property. *See* Minn. Stat. § 504B.285, subd. 1(a)(1)(ii) (2014) (grounds for eviction action).

The record shows that appellants remained in possession of the property, the mortgage was foreclosed, the redemption period expired without any redemption, and Fannie Mae held the sheriff's certificate of sale that presumptively made it the owner in fee of the property. Viewed in the light most favorable to appellants, the evidence offered in opposition to summary judgment is either not relevant to the eviction action or creates no more than a "metaphysical doubt as to a factual issue." *State Farm Fire & Cas. v. Aquila, Inc.*, 718 N.W.2d 879, 886-87 (Minn. 2006) (stating that to raise a genuine issue of material fact, a party "must provide more than evidence merely creating a metaphysical doubt as to a factual issue"). The district court did not err by granting summary judgment to Fannie Mae.

**III.**

Citing *Bjorklund v. Bjorklund Trucking, Inc.*, 753 N.W.2d 312, 319-20 (Minn. App. 2008), *review denied* (Minn. Sept. 23, 2008), appellants argue that the district court

abused its discretion by denying them an unconditional stay of the eviction proceeding. An eviction action is a summary proceeding intended to adjudicate the limited issue of who has a present possessory right to a property. *Deutsche Bank Nat'l Trust Co. v. Hanson*, 841 N.W.2d 161, 164 (Minn. App. 2014). Challenges to the validity of a mortgage or foreclosure process are generally brought in a separate proceeding, in which the party raising the challenges can also seek an injunction to stay an eviction action. *AMRESCO Residential Mortg. Corp. v. Stange*, 631 N.W.2d 444, 445-46 (Minn. App. 2001); *see also Real Estate Equity Strategies, LLC v. Jones*, 720 N.W.2d 352, 359-60 (Minn. App. 2006) (identifying remedies a tenant may pursue outside of an eviction action).

In *Bjorklund*, this court held that "when the counterclaims and defenses are necessary to a fair determination of the eviction action, it is an abuse of discretion not to grant a stay of the eviction proceedings when an alternate civil action that involves those counterclaims and defenses is pending." 753 N.W.2d at 318-19. Because no alternate civil action was pending, the district court did not abuse its discretion by denying appellants an unconditional stay of the eviction proceeding.

**Affirmed.**

9